## Case No. 5,896.

### In re HAFER et al.

[1 N. B. R. 547 (Quarto, 147); [2] 25 Leg. Int. 148; 15 Pittsb. Leg. J. 389.]

District Court, E. D. Pennsylvania. March 17. 1868.

BANKRUPTCY — EXEMPTION OUT OF PARTNERSHIP ASSETS.

The individual members of a bankrupt firm, in Pennsylvania, have no right to any of the partnership assets as exempt property; either under the United States bankrupt law of 1867 [14 Stat. 517]. or the law of that state.

[Cited in Re Parks, Case No. 10,765; Re Blodgett, Id. 1,555; Re Handlin, Id. 6,018; Re Corbett, Id. 3,220.]

In bankruptcy. The assignee in his certificate of exempted property set apart the separate property of the bankrupts [James H. Hafer and brothers], but refused to allow them any part of the partnership assets. To

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted from 1 N. B. R. 547 (Quarto, 447), by permission.]

this certificate exceptions were filed on behalf of the bankrupts, on the ground, that, either jointly or severally, they were entitled to the sum of $500. and also under the act of 1841 [5 Stat. 440], to property to the value of $300, or such sum as, taken with the amount of their separate property, would equal $300.

J. V. Darling, for assignee.
Mr. Goodman, for bankrupts.

CADWALADER, District Judge. As I understand this case, all the separate property of each bankrupt has been allowed to him as exempted. The state exemption laws have been decided by the state courts not to apply to partnership property; and the words of the act of congress manifestly refer only to separate property of the debtor. The exceptions are overruled.