## Case No. 7,127.

In re JACKSON et al.

[2 N. B. R. 508 (Quarto, 159).] [1]

District Court, North Carolina.   1869.[2]

---

[1] [Reprinted by permission.]
[2] [District not given.]

sponsible if he refuses or fails to sell the real estate—attempted to be reserved to the bankrupt, or either of them; and accounts for the proceeds, in his general account of assets received.

## Case No. 7,128.

In re JACKSON.

[8 N. B. R. 424.] [1]

District Court, E. D. North Carolina. 1874.

BROOKS, District Judge. The register should have furnished with his certificate a copy of the report of the assignee, making exemption in this case, or stated the substance of the same. He has, however, stated barely enough to enable us to infer that the said report contains anything in relation to a homestead. The register, at least, should have stated that the assignee attempted to exempt a homestead or refused to do so. Both questions propounded in this certificate have been fully answered by me in the opinion filed in the office of Mr. Register Shaffer in Re Farish [supra]. I doubt whether it is necessary to except to the report of an assignee, in which he attempts to exempt land at any time. I rather incline to the opinion that any such attempt is so entirely void, that it would be sufficient to hold the assignee responsible for the value of the land so attempted to be exempted, if creditors should except to his account for the omission to charge himself with such value. The assignee in this case will be held re-

[1] [Reprinted by permission.]