Newton vs. Howe and Drury.

NEWTON vs. HOWE and DRURY.

*Tenant in common, when may sever his share. When officer may sever. Appeal, affidavit for. Amendment.*

1. One of two tenants in common of chattels, naturally severable (such as grain,) may sever and appropriate, without the consent of the other, the quantity to which he is entitled.

2. The share of such tenant in common, if not exempt, may be severed, and seized by his creditor on attachment or execution.

3. In case of such a severance and seizure by the creditor, if the property be exempt, the debtor may recover the possession, or the value, as in other cases.

4. An affidavit for an appeal from a justice of the peace is sufficient, under the statute (R. S., ch. 120, sec. 205), if it states that the appeal is made in good faith and not for the purpose of delay. .

5. If the justification of the sureties in the appeal bond is defective, the appellate court may allow a new justification to cure the defect.

ERROR to the Circuit Court for *Fond du Lac* County.

This action was brought before a justice of the peace to recover a quantity of oats, hay and wheat, which, with a greater quantity of each, had been seized by the defendant *Howe,* a constable, by virtue of a writ of attachment against the property of the plaintiff, issued in due form of law, at the suit of the defendant *Drury.* The property is claimed to be exempt from seizure upon attachment or execution. The complaint is in the form prescribed by the statute. The defendants answered, justifying the seizure by virtue of such writ of attachment, and alleging also that " the plaintiff was not, at the commencement of this action, the owner of said property, but that he held the same only by virtue of his title as tenant in common with one Anthony Wheelright." The plaintiff recovered judgment before the justice, and the defendants appealed therefrom to the circuit court.

The notice of appeal was signed by both defendants, but the affidavit was made by the defendant *Drury* alone, who swears " that *he* has appealed," and that " *such* appeal is made in good faith," etc. The property was delivered to the defendants upon their filing an undertaking in the sum of $400, the sureties each justifying in half that sum.

It appeared on the trial in the court, that the plaintiff and Wheelright owned the property seized in common; that less than one-half of each kind of property so seized is claimed in this action ; that each of said tenants then owned an undivided half thereof; and that, after the seizure and before this action was commenced, the tenants agreed to divide the property, and stipulated the quantities of each kind that each was to have as his share, and each of them released to the other all interest in the residue thereof over and above his share. The quantity of each kind of property thus assigned to the plaintiff exceeds the quantity thereof respectively which he claims in this action. The plaintiff introduced testimony tending to show, and which perhaps did show, that the property claimed in the action was by law

exempt from seizure on attachment, and that, when the levy was made, he demanded of the officer to set apart so much of said property as was thus exempt.

The defendants proved that the writ of attachment was duly issued, and the property in controversy seized by virtue thereof.

The plaintiff recovered for one load of oats which had been divided and assigned to him before the levy; but, as to the wheat and hay and the residue of the oats, the circuit court held that the plaintiff alone could not maintain the action, because no division thereof had been made when such property was so seized; and, as to such undivided property, a verdict was found for the defendants under the direction of the court, upon which judgment was duly entered. The plaintiff sued out a writ of error to reverse such judgment.

*G. T. Thorn* and *N. S. Gilson* for plaintiff in error :

The affidavit of appeal does not comply with the statute, because it does not refer to the appeal actually taken; and the undertaking is fatally defective. *Chinnock v. Stevens*, 23 Wis., 396; *Widner v. Wood*, 19 id. 190; *Brown v. Pratt*, 4 Chand., 32; *Cothren v. Connaughton*, 24 Wis., 134. 2. The circuit court could not acquire jurisdiction by means of the amended undertaking filed in that court. *Ex parte Chryslin*, 4 Cow., 80. 3. The plaintiff was entitled to his exemption out of this hay and grain, although it had not been previously divided or separated. *Gilman v. Williams*, 7 Wis., 329; *Stewart v. Brown*, 37 N. Y., 350; *Wilcox v. Hawley*, 31 id., 648; *Maxwell v. Reed*, 7 Wis., 582. Tenants in common, like partners, are each entitled to the statutory exemption, (*In re Rupp*, Alb. Law. Jour., Nov. 5, 1870, p. 350); and if the property is in its nature severable by weight or measure, they may sever their respective portions and take them away at will. *Channon v. Lusk*, 2 Lans., 211; *Lobdell v. Stowell*, 37 How., 88; *Tripp v. Riley*, 15 Barb., 333. 4. The officer, in this case, had the same right and should have severed that belonging to the plaintiff, and set aside his exemption. *Carlton v. Davis*, 8 Allen, 94; *Young v. Miles*, 20 Wis., 615; *Frost v.*

*Mott,* 34 N. Y., 253; *Woods v. Keyes,* 14 Allen, 236; *Bean v. Hubbard,* 4 Cush., 85; *Davlin v. Stone,* id., 359. 5. A division of the property having been made before the attachment, the plaintiff was entitled to recover. *Newton v. Gardner,* 24 Wis., 232; *Kimberly v. Patchin,* 19 N. Y., 330. 6. One tenant in common can sue and recover his own interest, if the non-joinder is not pleaded in abatement. *Tripp v. Riley,* 15 Barb., 333; *Depuy v. Strong,* 37 N. Y., 372; *Merritt v. Walsh,* 32 id., 685; *Zabriskie v. Smith,* 3 Kern., 322.

*H. H. Drury,* for respondent:

Tenants in common must join in an action for injury done to their joint property, and cannot sever. *Rich v. Penfield,* 1 Wend., 380; *Putnam v. Wise,* 1 Hill, 234; *Hill v. Gibbs.,* 5 id., 56; *Porter v. Bleiler,* 17 Barb., 149; *Rice v. Hollenbeck,* 19·id., 664; *Coster v. N. Y. & E. R. R. Co.,* 6 Duer, 43; *Welch v. Sackett,* 12 Wis., 243. 2.· The objection to the non-joinder of Wheelright was properly taken by answer in the justice's court. The plaintiff and his co-tenant could not, after the attachment, divide their inteest in the property so as to bring separate actions. 3. The affidavit for the appeal was sufficient. *Kearney v. Andrews,* 5 Wis., 23; *Bremer v. Koenig,* id., 156. The undertaking was also good, and the appeal would have been good without any.

LYON, J. The interest of the plaintiff in the property which he held in common with Wheelright, exceeded the portion of such property which he claims in this action. The question to be determined is: Does the fact that the same was so held in common when it was seized by virtue of the writ of attachment, defeat the action?

It will doubtless be conceded that, if the plaintiff had a lawful right to sever his interest in the property and take away his share, without the consent of his co-tenant, he might maintain an action against any person who unlawfully took his share, or any portion of it; and consequently, in such case, if the property is exempt from seizure, that he can maintain this action.

The general rule of the common law is, that property held in common can only be divided by the consent of the owners, or by a proceeding in a court of equity. This is necessarily so when such property consists of several things of different qualities or value, or where it embraces but a single thing which cannot be divided without destroying its character or identity. But is this rule applicable in a case like the present, where the property is in its nature severable?

This question is ably discussed by Mr. Justice JOHNSON, in *Tripp v. Riley*, 15 Barb., 333; and, inasmuch as his views accord with ours, we cannot do better than to quote his language. He says: "But, I apprehend, the right of severance, amongst tenants in common, always existed at common law as to all property in its nature severable. I do not find the point any where expressly adjudged, and no case is referred to. But it seems to me that where personal property, severable in its nature, in common bulk and of the same quality, is owned by several as tenants in common, each tenant may go and sever and appropriate his share, if it can be determined by measurement or weight without the consent of the others, and sell or destroy it, without being liable to them in an action for the conversion of the common property. And where one tenant in common takes from the common property under such circumstances, if he does not take beyond his proportion or share, he will be presumed, in law, to have severed and taken his own merely. The rule would be different in the case of property not severable in its nature; as animals, for instance, where each tenant has the same right to every animal."

The same principle has been applied in the following cases: *Fobes v. Shattuck*, 22 Barb., 568; *Channon v. Lusk*, 2 Lansing, 211; *Fiquet v. Allison*, 12 Mich., 328; *Lobdell v. Stowell*, 37 How. Pr. R., 88. See also *Carlton v. Davis*, 8 Allen, 94; *Kimberly v. Patchin*, 19 N. Y., 330; *Clark v. Griffith*, 24 N. Y., 595; *Young v. Miles*, 20 Wis., 615.

The property in controversy in this action is unquestionably

severable, within the meaning of the foregoing authorities. One bushel or one ton thereof is of the same character and value as any other bushel or any other ton thereof; and for the purpose of dividing it nothing was necessary but to ascertain the quantity. Approving of the doctrine of the above cases, we must necessarily hold that the plaintiff had the right, without the consent of his co-tenant, to sever and take exclusive possession of his share of the property so held in common; which share would upon such severence become the exclusive property of the plaintiff. It would follow from this, that a creditor of the plaintiff might lawfully seize and sever the plaintiff's share therein, or at least, so much thereof as is not exempt by law from being thus seized.

That it also follows from these views that the plaintiff may lawfully assert his exemption rights in such property so held in common, seems to us to be too clear for argument. To hold that he could not do so would be a plain violation of the rule that exemption laws are to be construed liberally in favor of the debtor. *Gilman v. Williams*, 7 Wis., 329; *Maxwell v. Reed*, id., 582; *Stewart v. Brown*, 37 N. Y., 350.

We think, therefore, that the learned circuit judge erred in directing a verdict for the defendants for the undivided property seized under the attachment.

II.   Certain objections are taken to the affidavit for the appeal, and to the justification of the sureties in the undertaking given by the defendants to prevent a delivery of the property to the plaintiff; but we do not deem these objections well taken.

The affidavit states that the appeal was made in good faith and not for the purpose of delay, which is all that the statute requires, (R. S., ch. 120, sec. 205); and if the justification of the sureties was defective in the first instance, the defect was cured by a new justification, which it was competent for the court to allow.

*By the Court.*—The judgment of the circuit court is reversed. and a new trial awarded.