WRIGHT VS. PRATT and another.

CONVERSION: *Evidence that plaintiff owns only a part interest admissible.*— ESTOPPEL.— EXEMPTION *of joint property.*

1. In an action for the conversion of property by a sale thereof on execution, defendants are entitled to show that plaintiff owned only a part interest in such property.

2. The facts that the execution plaintiff (who is one of the present defendants), in a garnishee proceeding to reach such property, had stated in his affidavit that the garnishee had in his possession property belonging to the execution defendant (who is the present plaintiff), and that such statement referred to the property in controversy in this action, do not estop defendants herein from denying that plaintiff owns more than a one-third interest in such property.

3. *It seems* that an *undivided* interest in chattels is not the subject of exemption from sale on execution, where such chattels (in this case a horse, buggy and harness) are not capable of and subject to severance (as by weight or measurement) at the option of any one of the joint owners.

APPEAL from the Circuit Court for *Waukesha* County.

Action against a sheriff and his deputy to recover the value of plaintiff's horse, buggy and harness, alleged to have been unlawfully taken by defendants from the possession of one Winton, and unlawfully detained by them. Plaintiff claims that the property was exempt from execution, of which claim he had duly notified defendants before it was sold by them.

Defendants justify the taking by virtue of an execution against the plaintiff in favor of one McCoy, and allege that at the time of the levy the property belonged to the firm of McCoy & Co., of which the plaintiff in this action, and the plaintiff in

said execution, and another person, were members, and that this plaintiff had but an undivided one-third interest therein, which interest was liable to levy and sale on execution.

Trial by the court alone. Plaintiff introduced evidence tending to show that he was a resident of this state and owned the property in question, and had no other horse, buggy or harness; that the defendants seized and sold the same (not his interest merely), on an execution in favor of one McCoy, and they were bid in for McCoy by his attorney; and that the plaintiff had previously notified such attorney and these defendants of his claim that they were exempt. He was also permitted, against defendants' objections, to read an affidavit made by McCoy as the foundation of garnishee proceedings against Winton in the action wherein such execution was issued, in which he states that "he has good reason to believe and does believe that Winton has property in his hands belonging to the defendant, *Wright.*" The evidence taken and order made in such proceedings were also admitted, under defendants' objections. It also appeared that at the sale on execution, McCoy's attorney stated publicly that the property to be sold was only *Wright's* one-third interest, and that he made his bid for such one-third interest when the property was struck off to him.

On cross-examination of the plaintiff, the defendants proposed to question him as to his being one of the copartners, and having a one-third interest in the firm of McCoy & Co., which was engaged in manufacturing and selling a patent grinder, and selling rights to manufacture and sell the same, and as to his having taken the property in question in exchange for such a county right sold by him; but the court excluded the testimony. Proof of the same facts by other witnesses, offered on the part of the defense, was also excluded. The defendants gave testimony tending to show that the plaintiff resided in Chicago, Illinois, at the time the action and garnishee proceedings against him were instituted. There was other evidence, which it is unnecessary to state.

Wright vs. Pratt and another.

The court found that the property belonged to the plaintiff, and that it was exempt from execution, and was unlawfully taken and sold by the defendants, and rendered a judgment for the plaintiff for the value thereof; and the defendants appealed.

*E. Hurlbut*, for the appellants, argued that if the property in question belonged to the firm of McCoy & Co., the plaintiff held it only as their agent, and could not maintain this action for its value in his own name, because he was not the real party in interest (R. S., ch. 122, sec. 12); that the defendants had a right to show the extent of plaintiff's interest in the property, for the purpose of establishing that defense, and the evidence offered on that subject was clearly admissible; and that the court erred in admitting the affidavit and evidence in the garnishee proceedings, the defendants not being parties thereto.

*A. B. Braley*, for respondent, contended that the defendants were estopped from denying plaintiff's title to the property by their levying upon and selling it on an execution against the plaintiff individually, and by the affidavit in the garnishee proceedings. Even if McCoy's attorney bid off only the one-third interest, which he claims was all that *Wright* owned, yet that interest was exempt. *Gilman v. Williams*, 7 Wis., 329; *Maxwell v. Reed*, id., 582; *Lowe v. Stringham*, 14 id., 222. 2. The judgment was right, and will be sustained, even though there were erroneous rulings in the progress of the cause. *Manny v. Glendenning*, 15 Wis., 50; *Field v. Avery*, 19 id., 672; *Ganson v. Madigan*, 15 id., 145. 3. The evidence relative to the partnership was properly excluded, because it tended to contradict McCoy's sworn statement, and because it could not have changed the result. His bid for *Wright's* interest in the property admitted its value to be within $20 of the amount of the verdict in the case, and the verdict will not be set aside on account of that excess. If they desired to introduce proof on that subject, they should have applied to the court to have the other partners made parties to the suit, under ch. 60, Laws of 1861.

COLE, J.   We are of the opinion that the circuit court erred in refusing to permit the defendants to show that the plaintiff owned only a one-third interest in the property claimed to have been wrongfully sold and converted by the sheriff.   It appears the sheriff sold the property on an execution in favor of Mc-Coy, who also owned a one-third interest.

Now, assuming for the moment that the plaintiff was entitled to hold his interest in the horse, buggy and harness as being exempt, upon what principle is he permitted to recover in this action the entire value, or anything more than his actual interest?   The property has been sold on an execution against him, and bid in by the execution creditor, who is a tenant in common with the plaintiff.   What amount, then, is the plaintiff entitled to recover, assuming that he can maintain the action for an undivided third on the ground that the property was exempt by law from a sale on execution?   We know of no principle of law which will permit him to recover more than the full value of his interest.   If he owned but one-third of the property, the value of that interest measures the loss he has sustained by the conversion.   He surely ought not — upon the facts proposed to be proven — to recover the full value of the property, when he owns only a third.   It seems to us that this is a very plain and obviously correct proposition of law.

It is suggested that the defendants are estopped from denying that the plaintiff was the sole owner of the property.   On the trial, the record of certain garnishee proceedings were introduced in evidence by the plaintiff, against the objection of the defendants, in which proceedings McCoy was plaintiff, and the plaintiff in this suit was defendant.   In the affidavit which was the foundation of the garnishee proceeding, McCoy, among other things, stated that he had good reason to believe and did believe that one George Winton, of Oconomowoc, had property in his hands belonging to *Wright.*   The property in controversy in this action was then in the possession of Winton, and was the property referred to by McCoy in his affidavits.   The sher-

iff afterwards levied upon this property, and advertised it for sale. When he was about to offer the property for sale, the attorney of McCoy stated that the property belonged to McCoy & Co., and that *Wright*, the defendant in the execution, had but a one-third interest. It appears that this was the interest which was sold and bid in by McCoy.

Admitting, for the purpose of the argument, that the record of the garnishee proceedings was competent evidence in this case — a point, however, which we do not wish to be understood as deciding in the affirmative — and that the sheriff stands precisely in the shoes of McCoy, and then what is there to constitute an estoppel?

We suppose it is the statement contained in the affidavit of McCoy in respect to the ownership of the property, which is mainly relied on for that purpose. And yet it is entirely consistent with the statement there made, to assume that McCoy was only attempting to sell a one-third interest. He was evidently proceeding to attach whatever interest *Wright* had in the property, and nothing more. And there is nothing in those proceedings which estops McCoy or the defendants from showing what that interest was. If *Wright* owned a one-third interest in the property, that interest might be sold upon execution, unless the property was exempt.

And upon that question, whether it was exempt or not, perhaps we ought to give some indication of our views, for the information of the court below on another trial of the cause, in case the evidence should show that the plaintiff only owned a one-third interest in the horse, buggy and harness. In that case, could he claim his share in the property as exempt? We do not see how he could. The property is incapable of division, and each of his cotenants has the same right to the possession of the horse, buggy and harness that he has. There can be no exclusive possession rightfully belonging to one tenant in common in such property, except with the consent of the other cotenants. How can the principle of exemption then be worked out

and applied to the share of the plaintiff ?   We have held, in a case decided at the present term (*Newton v. Howe et al.*, 29  Wis., 531) that where tenants in common owned grain and other personal property in its nature severable, and where the share of each might be determined by weight or measurement, and be severed and appropriated by one tenant without the consent of the others, there one tenant might have his exemption.   But this was upon the principle and for the reason that the property was severable in its nature, and that one tenant had the right, without the consent of his cotenant, to sever and take exclusive possession of his share and make it his own property.   But that rule cannot be applied to this property.   The horse, buggy and harness are incapable of division, as a matter of course, and it is impossible for the court to say that the plaintiff might have the possession of them to the exclusion of his cotenants.

In the case of *Gilman v. Williams*, 7 Wis., 329, this court held that a span of horses owned by two persons in partnership, as partnership property, was exempt from sale on an execution against both partners, in like manner as if owned by them separately.   In that case both the owners claimed the exemption, and therefore the doctrine of that case will not apply here, where possibly the evidence will show that only one of the owners is claiming that his third is exempt.   Immunity from sale upon execution seems to imply or be founded upon the idea that the exempt property is necessary for the support of the debtor and his family ; and that it may be held, possessed and used by him in carrying on his business, trade or profession.   This seems to be the principle underlying the exemption laws.   But it is obviously impracticable to apply that principle to an undivided interest in a horse or buggy, which the debtor cannot claim to hold to the exclusion of his cotenants.   The doctrine of the case of *West v. Ward*, 26 Wis., 579, seems to have a very strong bearing upon the question we are considering.   There it was held that an undivided interest in real estate was not susceptible of such an ownership and occu-

pancy as to give one tenant in common the benefit of a home-stead therein ; but that the statute contemplated that the property exempt as a homestead should be owned by the claimant in severalty. And we cannot perceive any reason why the same principle is not applicable to an undivided interest in personal property, where such interest is utterly incapable of separation or exclusive possession and ownership. This is all that we deem it necessary to say upon the question at the present time. We have made these remarks to meet one aspect of the case, should the defendants make good their offer on another trial.

The judgment of the circuit court must be reversed for the error in excluding the evidence offered to show the plaintiff's interest.

*By the Court.*—The judgment is reversed, and a *venire de novo* awarded.