## Case No. 13,419.

### In re STEWART.

[3 N. B. R. 108 (Quarto, 28).] [1]

District Court, W. D. Texas. 1869.

BANKRUPTCY—VOLUNTARY AND INVOLUNTARY PROCEEDINGS — ADJUDICATION — MOTION TO SET ASIDE—SCHEDULES.

Creditors petitioned to have debtor declared bankrupt; process issued thereupon, and bankrupt, by indorsement on copy of said petition served upon him, admitted the truth of the allegations therein contained, except as to those of fraud, and before the day to appear and show cause, the bankrupt filed his voluntary petition in the same court and was adjudicated bankrupt by proper register. On motion to set aside the said adjudication of bankruptcy as void, *held*, that the same was nugatory and of no effect pending the proceeding in involuntary bankruptcy. Adjudication accordingly set aside and debtor adjudged bankrupt by the court on petition of creditors, and schedules previously filed by him ordered to be held as filed under such adjudication.

[Cited, but not followed, in Re Flanagan, Case No 4,850.]

[In the matter of R. R. Stewart, a bankrupt.]

---

## Case No. 13,420.

### In re STEWART et al.

[13 N. B. R. 295; 2 N. Y. Wkly. Dig. 3.] [1]

District Court, Georgia.[2] 1875.

BANKRUPTCY—EXEMPTION—PARTNERSHIP ESTATE.

No individual exemption can be allowed out of the partnership estate at the expense of the joint creditors.

[Cited in Re Boothroyd, Case No. 1,652; Re Corbett, Id 3,220; Re Hughes, Id. 6,842.]

Certified question, from Mr. Register Murray, on claim of John O. Stewart for homestead and exemption.

Speer & Stewart, for bankrupt.

R. H. Johnston and D. N. Martin, for objecting creditors.

[1] [Reprinted from 13 N. B. R. 295, by permission. 2 N. Y. Wkly. Dig. 3, contains only partial report ]

[2] [District not given.]

ERSKINE, District Judge. The firm of Stewart & Newton, and Stewart individually, became bankrupts. The assignee converted the partnership estate, which consisted of goods and merchandise, into cash, and he has now in his hands about one thousand dollars arising from this sale. Stewart, one of the late copartners, claims, as the head of a family, that this money ought to be exempted to him, as personalty, to be invested by the court for the benefit of himself and family, under the provisions of the bankrupt act [of 1867; 14 Stat. 517] and the constitution and laws of this state. The register allowed this claim. The creditors of the firm objected, and the question was certified to this court by Register Murray. On more than one occasion the precise question has been before this court, and has always been answered in the negative. And notwithstanding district courts have entertained opposite views on this subject, I am still of the opinion that neither the letter nor spirit of the law, or the constitution or laws of Georgia, warrant the allowance of such a claim, to the exclusion of the joint creditors of the bankrupt firm. Code, §§ 2002–2039. In Re Handlin [Case No. 6,018], Dillon, Circuit Judge, said: "While the adjudged cases relating to the question under consideration are not uniform, a careful examination of all of them justifies me in saying that they are quite decisively against the proposition that individual exemptions can be allowed out of the partnership estate at the expense of the joint creditors." The case was carefully considered by that learned and eminent judge, and nothing that I could add would strengthen its authority.

The decision of the register is reversed. Clerk will so certify.