## Case No. 11,933.

### Ex parte ROBINSON et al.

[7 Biss. 125.] [1]

Circuit Court, E. D. Wisconsin. April, 1876.

BANKRUPTCY—EXEMPTIONS—STOCK IN TRADE—WISCONSIN STATUTE.

1. Under the laws of Wisconsin, exemptions will not be allowed from the stock in trade, or from articles simply bought for exchange and which are not "used and kept for the purpose of carrying on the trade or business."

2. Decisions of the supreme court of Wisconsin as to exemptions commented upon.

[In the matter of Robinson & Henshall, bankrupts.]

Dewitt Davis, for assignee.
Howard & Thompson, for bankrupts.

DRUMMOND, Circuit Judge. The question made in this case is whether under the law of this state the bankrupts, who were partners, are entitled to an exemption to the amounts of $200 each from their "stock in trade" as jewelers, that having been their business before the decree in bankruptcy. It is a question that must be determined by the law of this state, the bankrupt law having remitted that matters in terms, with some exceptions, to the laws of the several states. The clause of the 9th part of the 32d section of the statute of Wisconsin in relation to the exemption of property from execution, is as follows: "The tools and implements, or stock in trade, of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business not exceeding $200 in value"—are to be exempt from execution; and the question is, whether this case is within the meaning of that law.

I think there may be some doubt whether the language used brings the case within the law. What does it mean? Does it mean the property that is purchased by the merchant for the purpose of being exchanged for money;—for instance, a piece of calico that the merchant buys simply to sell, or the silver ware, or plate, or watches, or diamonds, or other things which these jewelers purchased in order to exchange for money, or other valuable articles?

Are these the stock in trade used and kept for the purpose of carrying on the trade of jewelers, or of merchants? It seems to me it is a matter of doubt whether they are. Now, if we take the tools of a mechanic, or the implements or stock in trade of a me-

---

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

chanic used and kept for the purpose of carrying on his trade, the language of the statute becomes intelligible. Any thing that he uses and keeps for that purpose to the amount of $200, is exempt, but the language of the statute, I think is significant of the kind of property that was intended to be exempt—tools and implements or stock in trade. They must not only be tools and implements or stock in trade, but they must be used and kept for the purpose of carrying on the trade or business. Now can it be said that any article which a merchant buys merely for the purpose of exchanging for money or other valuable property, or that a watch Lought by a jeweler for the purpose of selling, is a part of the stock in trade used and kept for the purpose of carrying on his business.

He buys to exchange; he does not use and keep it for the purpose of carrying on his business, whereas the tools and implements, or any other article that a mechanic or miner uses and keeps for carrying on his business, is something different. For example, take the case of jeweler; while it may be said that the watches or silverware, or jewels which he buys simply to exchange for money, are not used and kept for the purpose of carrying on his business, yet other things about his establishment, as show cases and all the instruments connected with the business, are used and kept for that purpose, just as the tools or implements of a mechanic are used and kept. I am not aware that this view of the case has been taken by the supreme court of this state, but it seems to me to be worth consideration, and there may be some doubt whether a proper construction of this language, when examined critically, can refer to articles purchased simply for exchange. They may be said not to be used and kept for the purpose of carrying on a man's business, but to constitute the business itself. But however this may be, I think it is clear that this case is not within any of the decisions which have been made by the supreme court of this state.

In the case of Gilman v. Williams, 7 Wis. 329, the supreme court of this state decided that when two persons, defendants, were partners, and a span of horses belonging to them as partners, had been levied upon, that they were exempt from execution within the terms of the statute. But this was an exemption claimed jointly, and the language of the statute was explicit that such property should be exempt from execution.

In Wright v. Pratt, 31 Wis. 99, which was a case where property owned by several persons as partners (a horse, buggy and harness) and in which the defendant in the execution had a one-third interest. it was decided by the supreme court that the property was not exempt from execution, for the reason that it was not in its nature severable, and the court distinguished that case from the case reported in 7 Wis., because there both the owners claimed the exemption, and said the doctrine of that case would not apply where it did not appear that all the owners of the property claimed the exemption.

In the case of Newton v. Howe, 29 Wis. 531, the supreme court held where there were parties who were tenants in common of the property, and it was of such a character that it was divisible, consisting of oats, wheat and hay, such articles as could be severed, that the exemption could be claimed by each co-tenant. It appearing in that case, that before the action was commenced against the officers who had taken the property, the parties had agreed upon a division of the property.

Now in this case, there was a stock of jewelry; and the bankrupts, it is to be presumed, kept the usual stock of jewelers. If it appeared that this could be divided or was severable in the same manner as corn or wheat or articles of that kind, then it would be within the decision of the supreme court in 29 Wis., but there is no evidence that it is so; for instance, take two watches, if they are alike and precisely of the same value, one of these bankrupts might take one, and one the other; but suppose they were of different value, they are each jointly interested in both watches, and we cannot divide them. So in relation to any two articles that they may have as jewelers, and which constitute their stock.

It would not be practicable, therefore, within the meaning of the decision of the supreme court of this state, to divide this property, even admitting that it was within the language of the statute, certainly not in the manner stated by the supreme court. A division of a quantity of hay, or of corn, proceeds upon the theory that it is in bulk and that it is alike; otherwise it could not be severable, and there would seem to be some difficulty in relation to hay, because in many cases hay is different in value, of different quality; and corn and wheat may not be of the same value or quality unless in bulk, mixed together and incapable of division into separate parcels so far as quality or value is concerned, and we have to assume that the whole bulk taken together is equally valuable throughout, one bushel the same as another bushel. So that I think the decision of the district court is right, and the parties are not entitled to the exemption, if not in view of the suggested construction of the statute, on the ground that the supreme court of this state has put the case.