## Case No. 6,842.

### In re HUGHES et al.

[8 Biss. 107; [1] 16 N. B. R. 464.]

District Court, W. D. Wisconsin. Nov. 23, 1877.

EXEMPTIONS IN WISCONSIN—PARTNERSHIP STOCK.

Where there has been an adjudication in bankruptcy against a mercantile partnership and the assets of the firm turned over to the assignee, the individual partners are not entitled to claim as exempt, under the statute of Wisconsin, the sum of two hundred dollars each, out of the partnership stock.

[In bankruptcy. In the matter of Robert Hughes and others.]

Lanyon & Spensley, for assignee.

BUNN, District Judge. This case is certified to this court by the register in bankruptcy for its decision upon the following question: Hughes & Teague were partners doing a general merchandise business at Mineral Point, ·Wisconsin. In September, 1877, as such partners, and without having severed their interest in the partnership goods, they filed a joint petition in bankruptcy, and were thereupon adjudged bankrupts, and their entire stock and effects assigned to the assignee. Afterwards the several partners filed a claim to be allowed each the sum of two hundred dollars as exempt out of the general stock of partnership goods in the hands of the assignee, naming the articles at length which each claimed, and demanded that the assignee deliver and surrender to each the articles so severally claimed by them as exempt under section 14 of the bankrupt act [of 1867 (14 Stat. 522)].

The question is: Are the goods so claimed, exempt under the law? The language of subdivision 9, § 31, c. 134, Rev. St. Wis. 1858, is: "The tools and implements, or stock in trade, of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business, not exceeding two hundred dollars in value." It has generally been held in this state that an individual merchant may, under this provision, hold two hundred dollars of his stock as exempt, though the supreme courts of Minnesota and Kansas, under statutes similar but not identical in terms, have held that the provision did not extend to this class of traders; and a strong argument might be made, upon the language of the statute, that it was intended to apply only to mechanics, miners, or other persons similarly situated and requiring tools and implements, and perhaps stock in trade, to carry on their business such as well-diggers and the like. Otherwise, according to a familiar rule of construction, why should not the merchant have been mentioned, which is quite as prominent a class, as well as the mechanic and miner, and not left to

be included by inference under the term "other persons"?

·But, conceding that a mere liberal interpretation would allow an individual merchant the exemption, does the right extend to each and all the members of a partnership firm so that the exemption may be doubled and quadrupled and indefinitely multiplied, according to the number of the partners, and without any reference to the amount of actual or equitable interest they may severally have in the partnership assets, how much capital each has contributed to the firm, or the condition of the accounts as between themselves, or as between them and the creditors, at the expense and perhaps ruination of the joint creditors' claims? If this were any way an open question, I should have no hesitation in saying that such a claim could not be sustained; that the exemption is a personal privilege given to a debtor who owns the goods, and was never intended to apply to mercantile partnerships or corporations. One partner cannot be said to be the owner of the goods held by the firm; he has no exclusive interest in them. It is entirely uncertain whether any of them will belong to him until the affairs of the partnership are wound up. But I think the question must be considered as settled and rightly so upon reason and authority, by the cases following: In re Blodgett [Case No. 1,555]; Pond v. Kimball, 101 Mass. 105; Guptil v. McFee, 9 Kan. 30; In re Price [Case No. 11,410]; In re Boothroyd [Id. 1,652]; In re Handlin [Id. 6,018]; In re Stewart [Id. 13,420].

But it is claimed by the bankrupts in this case that the rule is otherwise settled in this state by the case of Russell v. Lennon, 39 Wis. 570. But I do not so understand that case. I do not see that that case is at all in conflict with the general current of authority as settled in the above cited cases. In that case the plaintiffs were partners doing a business as tinners and jobbers. The defendant as sheriff levied on the partnership property in their store to satisfy a judgment against the firm. Thereupon the partners made a claim for an exemption of two hundred dollars each from the partnership goods, and brought a joint action to recover the goods so claimed from the sheriff. The circuit court gave judgment for the plaintiffs, sustaining the claim thus made. The question was whether the judgment was right. The supreme court held that the action could not be maintained, and reversed the judgment. And this is all that the case decides. It is true the court says, in the opinion, that there appeared to be no doubt that if the respondents had held the property in equal moieties in severalty, they would have been entitled to hold each his share as his exemption under the statute. And in another part of the opinion they say, "We have no doubt that, in proper cases, each member of a partnership is entitled to his separate exemp-

tion out of the partnership property; and that the partnership property, after levy, may be severed by the partners, so that each partner may have his several exemption." The court had no occasion to define, and did not undertake to define, just what those proper cases were, in which each member of the firm would be entitled to his separate exemption out of the partnership property; but it is evident that when they arise they must be cases where "the partnership property after levy may be severed by the partners." It is enough to say that this is not one of the cases referred to in that opinion. The partners in this case do not "hold the partnership property in equal moieties in severalty." It is not a case in which "the partners after levy may sever their interests in the property." There is no levy, and the partners have no interest in the property capable of severance. They have, in fact, no interest at all, except the contingent and uncertain one of a right to any surplus that may remain after paying all expenses and disbursements in the bankruptcy proceedings, and the claims of partnership creditors.

It is conceded that there was no severance of the partners' joint interest in the partnership property in this case previous to the adjudication in bankruptcy. But that event dissolved the partnership and transferred the title to all the partnership property, except such as was exempt at the time of the adjudication, to the assignee. So that, if there was no severance at the time of the adjudication, so as to entitle the several partners to the exemptions, there could be none afterwards.

All that case decides, is that copartners cannot under the exemption law in question, and claiming for each an exemption of two hundred dollars, maintain a joint action to recover partnership goods taken under an execution issued against the partnership. The court holds that the principle of exemption, as well as the provisions of the statute, are personal, and they cite with approval the case of Pond v. Kimball, supra.

The decision of the court is that the claims of the bankrupts to an exemption of two hundred dollars each, out of the partnership property, under the exemption laws of this state and the bankrupt law cannot be allowed.