MELVIN (Case No. 9,406)            [16 Fed. Cas. page 1338]

MELNOTTE, The (McGREW v.).   See Case No. 8,812.

## Case No. 9,406.

In re MELVIN et al.

[17 N. B. R. 543.] [1]

District Court, D. Minnesota. May 14, 1878.

BANKRUPTCY—PARTNERSHIP—SALE IN CONTEMPLATION OF INSOLVENCY—DIVISION OF PROCEEDS—STATE EXEMPTION.

Within a month prior to the commencement of the proceedings in bankruptcy, and while the firm was insolvent, a large amount of the partnership property was sold and the proceeds divided between the partners, and the firm then offered to settle with their creditors at fifty per cent. One of the partners, upon receiving his share of the proceeds of said sale, immediately purchased property which was exempt under the state statute. Held, that under the circumstances such property was not exempt, but must

[1] [Reprinted by permission.]

be regarded as partnership assets held in trust for creditors.

[Cited in Re Corbett, Case No. 3,220.]

The firm of [William S.] Melvin & [J. R.] Fox were adjudicated bankrupts March 8, 1878, on petition filed the 20th of February previous. On January 22d, 1878, being insolvent, a large amount of partnership stock was sold, and the proceeds divided between the partners without paying any firm debts, and an offer to settle with creditors at fifty cents on the dollar was then proposed. Fox immediately purchased, with the proceeds received by him, horses, wagons, harness, sled, cow, etc., which he now claims as exempt property under the laws of the state of Minnesota, and the fourteenth section of the bankrupt law [of 1867 (14 Stat. 522)], and refuses to turn over this property to the assignee. There had been no dissolution until bankruptcy adjudication. By the statute of Minnesota (Rev. St. p. 489) this class of property, to the extent claimed, is not liable to execution and sale.

Rogers & Rogers, for assignee.
Amos Coggswell, for bankrupts.

NELSON, District Judge. The question presented is not free from difficulty. Ordinarily such property, if owned by a debtor, is exempt under the laws of the state of Minnesota, and would not pass to the assignee under the 14th section of the bankrupt act. Fox purchased it with the proceeds of partnership stock received by him, with the consent of his partner, on a division mutually agreed upon between the partners. There was a severance of interest by the individual members of the firm in a portion of the partnership property about one month before the bankruptcy adjudication; but the firm was insolvent, and a short time afterwards made an effort to settle with creditors at a large discount. Under such circumstances, an appropriation of partnership property of an insolvent firm by one of its members to his own use, in equity would be regarded void as against creditors, and the property, if found in the hands of voluntary grantees, or purchasers with notice, can be recovered as partnership assets. Unless the severance of partnership funds, and the purchase by Fox of the property in controversy, is a legal transformation from partnership to individual exempt property, the assignee in bankruptcy is entitled to it. In several cases courts have, in applying the maxim that exemption laws should be liberally construed, decided that the conversion of property subject to execution into exempt property would not deprive the person of an exemption, although the property was disposed of for the purpose of investing the proceeds in that way; and even, in many cases, the individual members of a firm have been permitted to claim exemption from the property of the firm. On the other hand, the decisions are more numerous that no exemption is allowed. I

should permit Fox to retain the property as exempt if the facts did not show a design, on his part at least, with the concurrence of his partner, by such appropriation of partnership property, to escape, if possible, the payment of partnership debts. The sale of the partnership stock and the division of the proceeds, and the purchase of property supposed to be exempt and beyond the reach of creditors, and the offer to compromise, were acts done, in my opinion, for the purpose of compelling creditors to submit to the terms proposed. The exemption law was not enacted for, and cannot be invoked to aid, any such transaction. I do not mean to decide that one partner cannot purchase property with funds taken from the partnership and charged to himself, which by law he could hold as exempt, although at the time the firm was insolvent, but only that inasmuch as partnership property is ordinarily a fund for the payment of partnership debts, a deliberate intention, on the eve of bankruptcy, under the conceded facts in this case, to place property beyond the reach of creditors, is an effort to perpetrate a legal fraud which courts must take notice of, and the property must be regarded as partnership assets held in trust for creditors. See In re Handlin [Case No. 6,018]; In re Towne [Id. 14,-095]; In re Blodgett [Id. 1,555]; In re Boothroyd [Id. 1,652]. Also 39 Wis. 571; [Phipps v. Sedgwick] 95 U. S. 3; 22 Minn. 384; In re Sauthoff [Case No. 12,380]; Johnson v. May [Id. 7,397]; In re McKercher, 8 N. B. R. 410; In re Richardson [Case No. 11,776]; In re Rupp [Id. 12,141]; 25 Mich. 367.

The petition of the assignee is granted, and the bankrupt must turn over to him the property now in his possession.