## Case No. 3,220.

### In re CORBETT.

[5 Sawy. 206.][1]

District Court, D. Nevada. July Term, 1878.

EXEMPTIONS—PARTNERSHIP PROPERTY.

1. The individual members of a bankrupt partnership are not entitled to exemptions of household and kitchen furniture out of the partnership property.

[See note at end of case.]

2. The partnership property in the hands of the assignee is a trust fund for the payment of the joint creditors, and the interest of the members of the firm, as individuals, is an interest in the surplus only.

This is an order obtained by the assignee requiring the bankrupts to show cause why certain personal property should not be ordered to be delivered by them to the assignee. The contest is in reference to certain articles of furniture which before the bankruptcy belonged to the "Corbett Brothers" as partners, and were used in a hotel kept by them, as hotel furniture. The bankrupts claim that they each have a right to an exemption of necessary household and kitchen furniture out of the partnership property. This right the assignee denies. Section 5045 of the Revised Statutes excepts from the operation of the conveyance to the assignee exempt articles, they being the "property of the bankrupt," and the property exempt from execution by the law of Nevada, is property "belonging to the judgment-debtor."

Lewis & Deal, for assignee.

Jonas Seely, opposed.

HILLYER, District Judge. The one consideration which, it seems to me, must lead to a decision of this case against the claim of exemptions made by the debtors is, that the property which they seek to hold as exempt is not property which, in the sense of the law, belongs to either of them. It is joint property in which neither has any other interest than his share of what remains after the partnership debts are paid, which in case of an insolvent firm is, of course, nothing.

In case of a dissolution, says Story, each partner holds the joint property clothed with a trust to apply it to the payment of the joint debts. Story, Partn. § 360. The in-

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

terest of each partner in the partnership property, as stated by Kent, is his share in the surplus after the partnership accounts are settled and all just claims satisfied. 3 Kent, Comm. 37. One partner cannot pledge or sell partnership property for his own separate debt without the consent of his co-partner. Rogers v. Batchelor, 12 Pet. [37 U. S.] 221.

The property of an insolvent firm must first be applied to the payment of the joint debts; only the surplus can be reached by the separate creditors. Murill v. Neill, 8 How. [49 U. S.] 414.

A purchaser under an execution against one partner has no claim until the partnership debts are paid, except on the separate interest of the individual partner in the residue. Gilmore v. Land Co. [Case No. 5,448]; U. S. v. Williams [Id. 16,719]. If the partnership is insolvent, no interest passes by such sale, for the partner himself is then entitled to nothing. Lyndon v. Gorham [Id. 8,640]. Since an execution against one partner secures no interest in the property of a bankrupt partnership, it must follow that one partner cannot have that property exempted from execution, which an execution cannot reach because others have a prior claim upon it.

There is no question in this case as to the right of partners, during the existence of the partnership, and while the business is going on, to convert partnership property into separate property, out of which each partner claims his individual exemption. This, when done in good faith, may perhaps be lawful. Allen v. Center Valley Co., 21 Conn. 130. But here the exemption is claimed out of the joint effects after the partnership has been adjudicated bankrupt. By the bankruptcy the status of the property has become fixed, and it is no longer in the power of either partner, or both, to change it. Upon the bankruptcy an equitable lien attached in favor of the partnership creditors on the joint effects in the hands of the assignee. Tillinghast v. Champlin, 4 R. I. 173; Story, Partn. § 361. The result of this doctrine, that the partnership effects in the hands of the assignee are charged with a trust or equitable lien in favor of joint creditors, must be that the individual members have no separate interest whatever in the partnership property, because there is no possibility of any surplus. And whether we say that the joint creditors have an equitable lien or a quasi lien, worked out through the equities of the partners, the result is the same; for the jurisdiction of a court of equity to enforce the lien or trust may be invoked by the joint creditors, independently of the wishes or assent of the partners. Ketchum v. Durkee, 1 Barb. Ch. 480. By whatever name called, it is a right of the joint creditors to have the joint property of the bankrupt firm devoted to the payment of their debts before any is taken by the individual partners as separate estate, or by individual creditors. The conclusion must follow that the individuals can claim no exemption out of the partnership estate. Neither member of this insolvent firm has any such interest in any particular article of partnership property that he can claim it as exempt, or that it can be set apart to him as property belonging to him.

There is, in my opinion, a very decided distinction between a case like this and one where the party claiming the exemption owns a definite share in a particular article of property as a tenant in common. In this latter case the claimant has something of which he is the owner, in the former he has not. The partner having only his separate interest in the surplus cannot sell or mortgage an undivided interest in a specific part. Morrison v. Blodgett, 8 N. H. 238. The tenant in common being the owner of a definite portion of the thing can sell or mortgage it, and can deal with it as owner.

The conclusion reached in this case is sustained by great weight of authority. The cases examined by which it is supported are: In re Hafer [Case No. 5,896]; In re Price [Id. 11,410]; In re Blodgett [Id. 1,555]; In re Handlin [Id. 6,018]; In re Tonne [Id. 14,095]; In re Stewart [Id. 13,420]; In re Boothroyd [Id. 1,652]; In re Sauthoff [Id. 12,380]; In re Croft [Id. 3,404]; In re Melvin [Id. 9,406]; Wright v. Pratt, 31 Wis. 99; Russell v. Lennon, 39 Wis. 579; Pond v. Kimball, 101 Mass. 105; Guptil v. McFee, 9 Kan. 35; and Kingsley v. Kingsley, 39 Cal. 665. In Burns v. Harris, 67 N. C. 140, it was held that a partner may have an exemption out of the joint estate, if the other partners consent, but not without.

The cases which are cited as sanctioning the exemption are Anon., 1 Bankr. Reg. (Quarto) 187;[2] In re Rupp [Case No. 12,141]; In re Young [Id. 18,148]; In re McKercher, 8 Bankr. Reg. (Quarto) 409; In re Richardson [Case No. 11,776]; Radcliff v. Woods, 25 Barb. 52; Stewart v. Brown, 37 N. Y. 350. Of these authorities the first is a statement that Judge Hill of Mississippi district has written to a register that such exemption may be allowed.[2] In re Rupp has been since overruled by the case of In re Tonne, supra. In re Young and In re Richardson are both decisions of the district court of Missouri; decisions of an able judge, but as is seen he stands almost alone in this matter. In Radcliff v. Woods, the horse, a half interest in which was claimed and allowed as exempt, is spoken of by the court

---

[2] [NOTE. The memorandum cited in 1 Bankr. Reg. (Quarto) 187, is as follows: "Judge Hill, of the U. S. district court for Mississippi, in a letter to Captain George Pennington, assignee in bankruptcy, has given the opinion that, in the case of firm being adjudged bankrupt, each member of the firm is entitled to the full benefits of the exemption out of partnership assets, unless said member has received exemption upon individual schedule."]

as owned in common, and the claimant as part owner. If the horse was owned by the claimant and another, as tenants in common, the case is not in point.

Rule absolute.