### In re LENTZ et al.

#### (District Court, D. South Dakota. November 13, 1899.)

**1. BANKRUPTCY—EXEMPTIONS—CLOTHING AND PROVISIONS.**
  Where the state law exempts "wearing apparel and clothing of the debtor and his family" and "provisions for the debtor and his family necessary for one year's supply, either provided or growing or both," a bankrupt cannot claim to have set apart to him as exempt any portion of a stock of clothing and groceries owned and kept for sale in their store by a mercantile firm of which he is a member.

**2. SAME—PARTNERSHIP EXEMPTIONS.**
  A partnership cannot be a "head of a family," or a "single person not the head of a family," within the meaning of a state law (Sess. Laws S. D. 1890, c. 86) allowing property of a certain value to be selected and claimed as exempt from execution by persons answering these descriptions; and therefore, when a partnership becomes bankrupt, the firm, as such, cannot claim to have any portion of the partnership property set apart to it as exempt.

**3. SAME.**
  Independently of the limitations of such statute, a bankrupt partnership cannot claim any exemptions out of the partnership property, for the reason that the adjudication in bankruptcy dissolves the firm absolutely and for every purpose, and thereafter there is no firm in existence to claim or receive the exemption.

**4. SAME—INDIVIDUAL EXEMPTIONS OUT OF FIRM ASSETS.**
  In South Dakota, in case of the bankruptcy of a partnership, neither member of the firm can claim any portion of the firm property to be set apart to him as his individual exemption.

In Bankruptcy. On questions certified by referee.

John C. Jenkins, for bankrupts.

John H. Gates, for creditors.

CARLAND, District Judge. The firm of Lentz & Odegard has been adjudged bankrupt. The referee having charge of the case, on the 9th day of November, 1899, made an order allowing the trustee to set aside a partnership exemption of $1,500, and also certain absolute exemptions from the partnership property. To the granting of this order the creditors excepted, and the questions as to whether said firm of Lentz & Odegard is entitled to any exemption from the firm property, and as to whether the members of said firm are entitled to individual exemptions out of said property, are before me for decision. Prior to 1890, the law of the state of South Da-

kota, so far as applicable to the question certified, was as follows: Section 323, Code Civ. Proc., provided, among other things, that "all wearing apparel and clothing of the debtor and his family, the provisions for the debtor and his family necessary for one year's supply, either provided or growing or both, and fuel necessary for one year," should be absolutely exempt. Section 324, Id., provided: "In addition to the property mentioned in the preceding section the debtor may by himself or his agent select from all other of his personal property not absolutely exempt, goods, chattels, merchandise, money, or other personal property, not to exceed in the aggregate fifteen hundred dollars in value which is also exempt." Section 333, Id., provided: "A partnership firm can claim but one exemption of fifteen hundred dollars in value out of the partnership property and not a several exemption for each partner." It is clear from an examination of sections 323 and 324 that a partnership firm was included in the word "debtor" in section 324, and was limited in its exemption rights to the personal property mentioned in section 333, or the alternative exemption provided in a section not quoted. The law in regard to absolute exemptions above quoted still remains the law of this state. The partnership property in the hands of the trustee consists of a general mercantile stock, such as is carried in country stores, and is composed of groceries, dry goods, clothing, boots and shoes, etc. None of the articles mentioned as absolutely exempt could, from their very nature, be taken from or included in this general mercantile stock. "Wearing apparel and clothing" of the debtor and his family means the wearing apparel and clothing worn and used, or to be used, by the debtor and his family; not clothing purchased by a firm of which the debtor is a member, and held by said firm for sale. "Provisions" mean articles of food stored at home, or growing in the fields for home consumption; not canned beans, peas, tomatoes, corn beef, sardines, or red herring kept for sale by a mercantile firm of which the debtor is a member.

November 2, 1889, the state of South Dakota was admitted to the Union, with a constitution which went into effect on that day. Section 4 of article 21 of that constitution reads as follows: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead the value of which shall be limited and defined by law, to all heads of families and a reasonable amount of personal property, the kind and value of which to be fixed by general laws." In 1890 the legislature, in pursuance to this declaration of the constitution, passed a law known as "Chapter 86, Sess. Laws 1890." By this law, section 324, hereinbefore quoted, was amended to read as follows: "In addition to the property mentioned in the preceding section the debtor, if the head of a family, may, by himself or his agent or attorney, select from all other of his personal property not absolutely exempt goods, chattels, merchandise, money or other personal property, not to exceed in the aggregate seven hundred and fifty dollars in value; and if a single person, not the head of a family, property as aforesaid of the value of three hundred dollars,

which is also exempt." The law of 1890 said nothing in express terms as to section 333, hereinbefore quoted, but contained a re-pealing clause to the effect that all acts and parts of acts in conflict with said act were thereby repealed. In construing the law of 1890 we must remember that the old territorial law was repugnant to both the letter and spirit of the new constitution, and that the law of 1890 was designed to be and was a law covering the whole subject of exemptions, in order to bring the exemption law of the state into harmony with the constitution. Section 324, Code Civ. Proc., as amended, gives the exemptions therein mentioned to two classes of persons; not to a debtor generally, as the old law read, but to the head of a family, and to a single person not the head of a family. This certainly excludes a partnership firm, and is absolutely inconsistent and in conflict with any law that would allow an exemption to a partnership firm. The language quoted from section 333 does not itself give a partnership firm exemption, but was simply meant to limit the construction that might be placed upon the word "debtor" in section 324 before it was amended. When section 324 was amended so as to bring it into harmony with the constitution, and specifically named the persons who should be entitled to the exemptions therein mentioned, the language quoted from section 333 became wholly meaningless, and of no force, and inconsistent with section 324 as amended. In my opinion, the exemptions allowed by the laws of South Dakota can be claimed only by the head of a family, or a single person not the head of a family.

There is another reason why the firm of Lentz & Odegard can claim no exemption as a firm, and that is the fact that, immediately upon the adjudication of the firm bankrupt, the firm was absolutely dissolved for every purpose; hence there is no firm to claim or receive firm exemptions, and there are no partners to consent that each have an individual exemption. This brings us to the only remaining question, and that is, can the individual partners composing the firm of Lentz & Odegard claim an individual exemption out of the partnership property? If the supreme court of the state had decided this question, it would be my duty, as well as pleasure, to follow it. In the absence of such decision, the question must be decided upon principle and authority. The state law says the debtor may select from his property certain property which shall be exempt. The partnership property of an insolvent firm is not the property of either partner. It is a trust fund for the payment of the firm's creditors, and the clear weight of authority is in support of the proposition that individual partners cannot claim an exemption from the partnership property of an insolvent firm against the protest of the firm's creditors. There are a few authorities that have held that, if the partners all consent, then an individual partner can claim his individual exemption from the firm property; but in a bankruptcy proceeding there are no partners to consent after adjudication in bankruptcy, and such a holding violates the conceded law that the partnership property is a trust fund for creditors, and not for the partners of an insolvent partnership. In the

case of In re Handlin, 3 Dill. 290, Fed. Cas. No. 6,018, Judge Dillon, then circuit judge of this circuit, sustains the view here taken; and I should feel constrained to follow this decision even were it contrary to my own opinion. It is true, he is deciding a case under the Arkansas statute, but he decides upon principle and authority. The following decisions are to the same effect: In re Blodgett, 10 N. B. R. 145, Fed. Cas. No. 1,555; In re Hafer, 1 N. B. R. 547, Fed. Cas. No. 5,896; In re Price, 6 N. B. R. 400, Fed. Cas. No. 11,410; In re Stewart, 13 N. B. R. 295, Fed. Cas. No. 13,420; In re Tonne, 13 N. B. R. 170, Fed. Cas. No. 14,095; In re Boothroyd, 14 N. B. R. 223, Fed. Cas. No. 1,652; In re Corbett, 5 Sawy. 206, Fed. Cas. No. 3,220; In re Croft, 8 Biss. 188, Fed. Cas. No. 3,404; In re Jackson, 2 N. B. R. 508, Fed. Cas. No. 7,127; In re Smith, 2 Hughes, 307, Fed. Cas. No. 12,979; In re Hughes, 8 Biss. 107, Fed. Cas. No. 6,842. It results from the foregoing that the firm of Lentz & Odegard, either as a firm or as individuals, have no claim for exemptions upon the partnership property in the hands of the trustee.