·In re BEAUCHAMP et al.

(District Court, D. Maryland. April 9, 1900.)

No. 348.

**1. BANKRUPTCY—EXEMPTIONS—FOLLOWING STATE DECISIONS.**

On the question of the right of the individual members of a bankrupt firm to have set apart to them, out of the partnership assets, the exemptions allowed by the law of the state, the court of bankruptcy will follow the rule established by the decisions of the highest court of the state, if any such have been rendered.

**2. SAME—PARTNERSHIP ASSETS.**

In the absence of any decision of the state courts allowing partners to claim exemptions out of the firm property, *held*, that in case of the bankruptcy of a partnership, where there is partnership property, but no individual assets, the members of the firm are not entitled to have any portion of the firm property set apart to them as their individual exemptions, unless there should remain a surplus of such property after the payment of all firm debts.

In Bankruptcy.

Daniel Greenbaum and Milton D. Greenbaum, for trustee in bankruptcy.

William A. Wheatley, for bankrupts.

MORRIS, District Judge. The facts in this case, briefly stated, are these: Henry C. Beauchamp and Elizabeth Lippincott, as in-. dividuals and as partners trading as Beauchamp & Co., were adjudicated bankrupts on February 3, 1900, upon their voluntary petition. The schedules filed with their petition show partnership assets and liabilities, but no individual assets; but the bankrupts, in their petition, claim the exemption provided by the Code of Public General Laws of Maryland (article 83, § 8), out of the proceeds of sale of said partnership assets. Milton D. Greenbaum, the trustee, converted the estate into cash, and thereupon moved the court to rule that said bankrupts were not entitled to any exemption out of the partnership assets in his hands. ,

Article 83, § 8, of the Code of Public General Laws of Maryland, which is the act of 1861, c. 7, § 1, provides that "one hundred dollars worth of property of each defendant therein shall be exempt from execution * * * in any civil proceeding whatever"; and it is upon the language of this act that the attorney for the bankrupts relies. Though statutes allowing exemptions are liberally construed, the spirit of the act should govern; and I cannot, in the absence of an express decision by the court of appeals of Maryland construing the Maryland exemption law, extend its meaning to include partners. If the court of appeals of Maryland had decided that partners were entitled to their exemptions out of partnership property, it would be the rule of decision to be followed by ·this court; but in the absence of such decision the question must be determined upon precedent, principle, and weight of authority. Partnership property is a trust fund for the payment of partnership creditors, and the interest of the partners is an interest in the surplus only. The unquestioned weight of authority supports this

proposition. The partnership is dissolved immediately upon adjudication, and the individual members and their individual creditors have no claim until partnership debts are paid. In re Sauthoff, 16 N. B. R. 181, Fed. Cas. No. 12,380; In re Hughes, 16 N. B. R. 464, Fed. Cas. No. 6,842; In re Croft, 17 N. B. R. 324, Fed. Cas. No. 3,404; In re Stewart, 13 N. B. R. 295, Fed. Cas. No. 13,420; In re Corbett, 5 Sawy. 206, Fed. Cas. No. 3,220; In re Hafer, 1 N. B. R. 547, Fed. Cas. No. 5,896; In re Handlin, 12 N. B. R. 49, Fed. Cas. No. 6,018; In re Tonne, 13 N. B. R. 170, Fed. Cas. No. 14,095; In re Blodgett, 10 N. B. R. 145, Fed. Cas. No. 1,555; In re Boothroyd, 14 N. B. R. 223, Fed. Cas. No. 1,652; In re Jackson, 2 N. B. R. 508, Fed. Cas. No. 7,127; In re Smith, 2 Hughes, 307, Fed. Cas. No. 12,979; In re Melvin, 17 N. B. R. 543, Fed. Cas. No. 9,406; In re Lentz, 2 Nat. Bankr. N. 190, 97 Fed. 486; Gilmore v. Land Co., Fed. Cas. No. 5,448; Lyndon v. Gorham, Fed. Cas. No. 8,640. In Re Price, 6 N. B. R. 400, Fed. Cas. No. 11,410, Judge Giles, construing a like provision of the bankrupt act of 1867 with reference to the Maryland act of 1861, c. 7, § 1, decided that an exemption cannot be allowed to an individual partner out of the partnership estate, as such exemption can only be allowed in case there is a surplus after paying partnership creditors. As this decision was rendered by my predecessor in this district, construing the same provision of the Maryland statute law now in force, I shall follow his decision, strengthened as it is by such decided weight of authority. It results that the exemption claimed out of the partnership assets in the hands of the trustee by the individuals composing the firm cannot be allowed, except out of any surplus that may remain after paying partnership creditors in full, and it is so ordered.