WEST v. WARD and others.

HOMESTEAD EXEMPTION : *Land must be owned in severalty.*

1. Land included in a "homestead," within the meaning of the statute relating to that subject, must be owned by the claimant *in severalty.*
2. Where, therefore, a married man resided on a tract of land owned by him *in common* with other persons, a mortgage thereof executed by him alone would convey his undivided interest, saving only the wife's inchoate right of dower.

APPEAL from the Circuit Court for *Iowa* County. Foreclosure of a mortgage of land, executed by the defendants *Josiah Ward* and *J. P. Butterfield* to secure their note. Besides the mortgagors, one *Lockman,* who claimed under them by deed subsequent to the mortgage, was made defendant, with his wife. The defense was that one Georgia A. Ward was, at the date of the mortgage, and still continued to be, the wife of said *Josiah Ward*; that at the time the mortgage was made, *Josiah Ward* owned in fee simple an undivided one-half of the mortgaged premises, and was then living and still continued to live on the same, together with his wife and family, as their homestead; and that his wife did not sign the mortgage. The defendants asked that the mortgage be declared void, and discharged of record, etc.

The court found the facts alleged in defense, and held that the mortgage was invalid as to the undivided half of the premises owned by the defendant *Ward,* but that plaintiff was entitled to a foreclosure as to

the other undivided half.    Judgment accordingly ; and plaintiff appealed.

*Reese & Mulks* (with *Gregory & Pinney*, of counsel), for appellant.

*Smith & Cothren*, for respondents.

PAINE, J.    A careful examination of the homestead law seems to lead necessarily to the conclusion, that an undivided interest in real estate is not as such susceptible of such an ownership and occupancy as the law contemplates in order to constitute a homestead. The occupant need not have a perfect title ; but whatever his interest may be, the occupancy, in order to constitute a homestead, must be of some specific portion, capable of being set apart by metes and bounds, and thus separated from that which is not exempt.

The law allows the owner to select the portion he will claim as a homestead.    It provides that when a levy is made upon the lands of one " whose homestead has not been selected and set apart by metes and bounds," he may then make the selection, and notify the officer what he regards as his homestead.    It further provides that if the plaintiff in the execution is dissatisfied with the quantity thus selected, the officer shall cause a survey to be made, beginning at a point to be designated by the owner, and set off the proper amount, in a compact form, including the dwelling house.    It is obviously impracticable to apply any of these provisions to an undivided interest in real estate. The debtor owns nothing in severalty.    It would, therefore, be impossible to set off for him any specific portion, which might not, on a partition, fall to some of his co-tenants.    In all cases, therefore, where the amount of land is large enough to leave the debtor more than the quantity exempt from execution, it would be practically impossible to apply the provisions of the exemption law to an undivided interest.    And if this is so, it shows that the statute intends that the claim of a

homestead shall be made only in respect to that which the party owns and occupies in severalty.

This view of similar statutes has been taken in the following cases, and it seems to us impossible to avoid that result: *Wolf et al. v. Fleischacker*, 5 Cal. 244; *Giblin v. Jordon*, 6 id. 416; *Elias v. Verdugo et al.*, 27 id. 418; *Thurston v. Maddocks*, 6 Allen, 427.

Where the whole tract of land owned in common does not exceed the amount exempt for a homestead, there might be no difficulty in separating, for the simple reason that there would be nothing to separate. The law might very reasonably provide that in such case the undivided interest should be exempt. So it might also very reasonably provide that a homestead might be claimed in any undivided interest, establishing at the same time some mode by which it should be set apart and ascertained. Perhaps such provisions would be no more than the spirit of the constitutional provision upon this subject fairly requires. But the legislature has done neither, and the courts cannot supply the defect, if it is one. The law, as made, provides only for a homestead to be set apart by metes and bounds out of that which is owned and occupied in severalty. It makes no other provision on the subject. And it is this homestead to a conveyance of which the wife's signature is necessary.

The mortgage in this case was therefore not invalid as to the undivided interest of *Ward*, by reason of the fact that his wife did not sign it. The judgment must be reversed, and the cause remanded with directions to enter judgment of foreclosure and sale of the whole premises covered by the mortgage, subject, however, to any inchoate right of dower which the wife of *Ward* may have.

*By the Court.*——Judgment reversed, and cause remanded with the directions above indicated.