RUSSELL and another vs. LENNON.

*Exemption from execution against partnership property.*

1. Where an execution for a partnership debt is levied upon goods of the firm, the partners may sever their interest, and each may then claim his exemption in his separate part. *Newton v. Howe*, 29 Wis., 531.
2. But under the constitution and laws of this state, exemption of property from execution is a *personal privilege of the individual debtor*, and there is no exemption in favor of partners jointly. *Gilman v. Williams*, 7 Wis., 329, as to this point, overruled.
3. In case, therefore, of a levy upon goods of a firm for a partnership debt, the partners cannot maintain a joint action to recover the property as exempt.

COLE, J., dissents.

APPEAL from the Circuit Court for *Outagamie* County. The plaintiffs were partners doing business in the city of Appleton as tinners and jobbers. The defendant, as sheriff, on

the 2d of November, 1874, levied on the partnership property of the plaintiffs then in their store, consisting of tools and stock in trade, under an execution to satisfy a judgment against the plaintiffs for about $235. The plaintiffs thereupon selected tools and stock in trade to the estimated value, as defendant alleges, of $200, which the defendant then surrendered to them. Afterwards, while the remaining property so levied upon was still in defendant's possession, the plaintiffs made a demand upon him in writing, as follows: "We the undersigned, each for himself, demands as a personal right, his interest in the following schedule of property, as exempt from levy or sale on execution, and that you set the same apart and return the same to us in the same condition it was seized in by you." Here followed an enumeration of all the articles levied upon. Defendant refused to return them, and thereupon this action was brought for their recovery with damages for their detention. The court found the value of the property in dispute to be $257.65, and the value of that surrendered to plaintiffs to be $135.00; and it held that the whole of said property was exempt from execution, and rendered judgment for the plaintiffs as demanded. Defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *Warner, Ryan & Allen,* who contended, among other things, 1. That a copartnership, whatever may be the number of persons composing it, is entitled to only one exemption, to the same extent as an individual. *Gilman v. Williams,* 7 Wis., 329; *In re Handling & Venney,* Cent. L. J., April 23, 1875, per DILLON, J.; *Pond v. Kimball,* 101 Mass., 105; *Guptil v. McFee,* 9 Kans., 30; *In re Blodgett,* 10 Bank. Reg., 147; *In re Price,* 6 id., 400; *Amphlet v. Hibbard,* 29 Mich., 298; *Wright v. Pratt,* 31 Wis., 99. A copartnership is in law one person or one body, and is entitled as such to but one exemption, and can claim no greater exemption than an individual. 2. That plaintiffs cannot assert in

an action brought by them jointly; a right claimed by each individually as a personal right.

*Gerrit T. Thorn*, for respondents, argued, that the statutes relating to exemptions are to be liberally construed, and when several debtors are jointly interested in exempt property, that fact cannot properly abridge the right of each individual debtor under the statute. This court has held that joint tenants are entitled to their right of exemption (*Newton v. Howe*, 29 Wis., 531), has referred with apparent approval to *Stewart v. Brown*, 37 N. Y., 350, where it was held by all the judges that the provisions of the exemption act extend to property owned by the debtor as a member of the partnership; and has also held that tenants in common can maintain a joint action for exempt property. *Gilman v. Williams*, 7 Wis., 329. The proposition that a copartnership in the eye of the law is as one person or body, and only entitled to the exemption for one, is not tenable under the rule in *Newton v. Howe*. In all their other social rights and interests, copartners are treated as individuals; why then should there be an exception in the matter of exemptions? The rule of law which creates such an exception is based upon a technical construction, subversive of the purposes of the statute, and blind to the " cardinal rule in the interpretation of such statutes, that they are to be liberally construed in order to promote the object of their enactment." *Kuntz v. Kinney*, 33 Wis., 514. In *West v. Ward*, 26 Wis., 579, it was merely held that an undivided interest in real estate is not as such susceptible of an ownership or occupancy such as the law contemplates in order to constitute a homestead; because the statute requires the homestead to be a specific portion of land capable of being " set apart by metes and bounds," and thus separated from what is not exempt. In *Wright v. Pratt*, 31 Wis., 99, where one of the joint owners of a horse, buggy and harness, claimed that his third part was exempt, the court held that it was not exempt, because the property was *incapable of division*, and there

could be no right of exclusive possession in one of the owners. In the case at bar, the property was *capable of division*, though the parties, as in *Gilman v. Williams*, did not desire to divide it.   Counsel further cited in support of the judgment of the court below, *Hoyt v. Van Alstyne*, 15 Barb., 568; *Radcliff v. Wood*, 25 id., 52; *Servanti v. Lusk*, 43 Cal., 238; *In re Richardson*, 7 Ch. Leg. News, 62 (November 14, 1874); *Howard v. Jones* (Sup. Ct. Ala.), 13 Am. Law Reg., N. S., 457; *In re Young*, 3 Nat. Bank. Reg., 111; *In re Rupp*, 4 id., 25.

RYAN, C. J.   There appears to be no doubt that if the respondents had held the property claimed in this action, in equal moieties in severalty, they would have been entitled to hold each his share, as his exemption under the statute.  And, upon the levy of the execution on the partnership property, they had a right to sever their interest in it; and each might thereupon have claimed his exemption in his separate part. *Newton v. Howe*, 29 Wis., 531.   The difficulty in the way of the respondents in this case is not in their individual rights under the statute, but in their failure properly to assert them.

The principle of all exemption laws in this state is very clearly expressed in the constitution itself.   " The privilege of the debtor to enjoy the necessary comforts of life should be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale," etc.   This principle makes all constitutional exemption a personal privilege of each debtor, secured to him individually, not in mere benevolence only, but also in the interest of the state in the personal well being of each of its citizens.   *Maxwell v. Reed*, 7 Wis., 582; *Bull v. Conroe*, 13 id., 233.   And the statutes of exemption appear to be framed on this principle.   They go to secure the necessary comforts of life to families by exemption to heads of families; and the letter and spirit of exemptions follow the constitutional principle, in securing a personal privilege to each

debtor individually. There may be joint debtors, but our constitution and statutes sanction no joint exemption. The exemption " applies to the debtor in the singular number, and is personal and individual only." *Pond v. Kimball,* 101 Mass., 105.

We are aware that there are several cases to be found, chiefly in the federal bankrupt courts, sustaining exemptions to partnerships as such. But we cannot think that these cases rest on sound principle. We have already seen that the principle of exemption and the provisions of the statute are personal. And the difficulties suggested by the supreme court of Massachusetts in the way of partnership exemptions seem to be insuperable. *Pond v. Kimball, supra.* We have no doubt, that, in proper cases, each member of a partnership is entitled to his separate exemption out of the partnership property; and that the partnership property, after levy, may be severed by the partners; so that each partner may have his several exemption. But it seems to us to be as indefensible to extend the personal privilege of exemption to a partnership, as such, as to extend it to a corporation aggregate. In the language of the Massachusetts court: " The exemption, in our opinion, is several and not joint; .... is personal and individual only."

It is true that the judgment in this case is supported by *Gilman v. Williams,* 7 Wis., 329. That case indeed went upon the exemption of one to a partnership of two. But as the one exemption was in the personal right of one of the partners, the rule would support two exemptions as well as one. But we feel constrained to hold that case to be, so far, in violation of correct principle. It was no doubt a great temptation in that case, as it has been in this, to support an exemption which might have been, but was not, properly asserted; to make the judgment, " to do a great right, do a little wrong." But the view of the learned judge who delivered the judgment in that case is clearly erroneous. He reasons that either of the two partners might have held the whole property

exempt; that each might therefore hold a moiety of it exempt; and that so the joint suit by both partners for the whole could be sustained.   He appears to have overlooked the elementary principle that several rights of several persons cannot be asserted in a joint action at law by all; that partners can maintain an action as such for partnership rights only.   The truth appears to be that this question was very much disregarded in view of others in that case, then deemed of much greater moment.

The rule in *Gilman v. Williams* does not appear to have been since considered in this court, though there are cases which seem to be somewhat in conflict with it.   *West v. Ward*, 26 Wis., 579; *Wright v. Pratt*, 31 id., 99.   And we therefore feel at liberty, though with great reluctance, to overrule a case wrongly decided so long ago, and not since affirmed.

We are not unmindful of the beneficent character of statutes of exemption, or of our duty to construe them liberally in favor of their object.   *Kuntz v Kinney*, 33 Wis., 510; *Jarvais v. Moe*, 38 id., 440.   But we must administer them according to their letter and spirit, as well as the settled principles and established forms of legal proceedings.   We reverse this judgment with great reluctance, especially because the respondents seem to have been misled by *Gilman v. Williams*.

COLE, J.   I am disposed to adhere to the rule of *Gilman v. Williams*, which was long since decided, and which gives the partnership the benefit of one exemption.   That decision is supported by the case of *Stewart v. Brown*, 37 N. Y., 350. If the question were a new one in this state, I might conclude to hold with my brethren.   As it is, I am constrained to dissent.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to the court below to dismiss the complaint.