O'GORMAN vs. FINK.

*April 11 — May 31, 1883.*

*Partnership — Exemptions.*

1. One partner, with the consent of the others, may claim a separate exemption out of partnership property which has been seized on an execution against the firm.
2. The consent of the partners that each should have and select an exemption out of the partnership property, after a levy thereon, amounts to a severance of the joint property, and the several right of each attaches to the portion by him selected. A demand by each partner for such an exemption will be deemed a consent that the others have and select the same.
3. In such case there is a sufficient demand if the partner informs the officer making the levy that he claims his exemption and that the other partners do the same, and asks permission to make his selection.

APPEAL from the County Court of *Milwaukee* County.

The facts are stated in the opinion. The plaintiff appealed from a judgment against him for the costs of the action.

For the appellant the cause was submitted on the brief of *M. N. Lando.*

For the respondent there was a brief by *Davis, Riess & Shepard,* and oral argument by *Mr. Riess.*

COLE, C. J. The facts upon which the questions of law arise in this case are these: Prior to the 9th day of July, 1880, the plaintiff, B. Goldman, and Gustav Jordens were

engaged as partners in manufacturing and dealing in shoes and slippers in Milwaukee, under the firm name of B. Goldman & Co. On that day the defendant, as marshal, levied upon the entire stock of goods, material, tools, and machinery of the firm, by virtue of executions issued on judgments recovered against the copartners in the United States circuit court. This action is for a conversion of a portion of this property, which the plaintiff claims he was entitled to have under the exemption law. Evidence was given on the trial which tended to prove that two or three days after these levies were made the partners met and agreed to dissolve the partnership. It does not appear, however, that any attempt was made at the time to make a division of the partnership property, or to settle the partnership matters. It is a fair inference that most, if not all, of the partnership effects were in the possession of the defendant when this agreement to dissolve was made. There was evidence given from which the jury might have found that the plaintiff had no other property except his interest in the partnership concern; also, that the plaintiff for himself, and that each of the other partners for himself, made a separate demand upon the defendant to be allowed, as an exemption, $200 worth of property out of the firm assets; and that this claim was refused by the defendant. When the plaintiff rested the learned county court granted a nonsuit on motion of the defendant.

The first question to be considered is, Was the plaintiff entitled to a separate exemption, to the amount of $200, out of the partnership property in the possession of the defendant under a levy on executions against the partnership, where the other members of the firm consented that he should have the benefit of such exemption? There can be no doubt if the plaintiff had owned the property in severalty he would have been entitled to an exemption to the amount of $200,—subd. 8, sec. 2982, R. S.; *Wicker v. Comstock*, 52 Wis., 315;—even though it had been seized for a debt for which he was

jointly liable with the other partners. *Spade v. Bruner*, 72 Pa. St., 57. But it is said the plaintiff, as an individual member of the firm, was not entitled to his exemption out of the firm property so long as it retained its character as firm property. In other words, it is claimed that the exemption statute relates to and is intended to deal only with property which is owned in severalty, or with property which in its nature is severable, where the right of severance exists, and that the exemption does not and cannot attach to the property of a firm, which does not belong to either partner as his own before an actual division by the partners. On this subject Mr. Freeman, in his work on Executions, uses this just language: " It often happens that property designated as exempt by statute belongs to two or more persons, either as co-tenants or copartners. The question then arises, whether this property must be treated as exempt to the same extent as if held in severalty. The answers to this question are irreconcilable, and the opposing opinions are both supported by very respectable authorities." Sec. 221.

The question whether one partner, with the consent of the other partners, can claim an exemption out of the firm property in a case like the one before us, has never been passed upon by this court. Therefore, in view of the conflict of judicial opinion on the subject, we feel quite free to adopt that rule which seems most in harmony with our decisions under the exemption laws, and the humane spirit of these statutes. It is quite unnecessary to observe that this court has deemed it a duty to construe liberally these laws, in order to carry out the manifest purpose of their enactment. The learned counsel for the defendant argue that it logically follows from the decisions in *West v. Ward*, 26 Wis., 579; *Wright v. Pratt*, 31 Wis., 103; and *Russell v. Lennon*, 39 Wis., 570, that one partner cannot have the exemption, and that the right cannot be enforced against joint property. But it is apparent that neither of those cases involved the

precise question which we are considering.  In *West v. Ward*
a married man, residing on property owned by him in com-
mon with others, claimed a homestead exemption in such
property.  The court decided that it was impracticable to
apply the provisions of the statute to an undivided interest
in real estate, because no specific portion of the property
thus owned could be set apart by metes and bounds to the
person claiming the homestead.  The decision rests in sound
reason, but does not rule this case.  In *Wright v. Pratt* there
is a strong intimation that one tenant in common of chattels,
which were incapable of division, could not have an exemp-
tion in property thus owned; though in *Newton v. Howe*, 29
Wis., 531, the exemption was allowed to a tenant in common
where the chattel in its nature was severable.  In *Russell v.
Lennon* the partners in the same suit claimed a joint exemp-
tion in the partnership property, and the court held that the
action would not lie,— thus overruling the case of *Gilman v.
Williams*, 7 Wis., 329, where the contrary doctrine was
decided.

In the *Russell Case* the plaintiffs were partners doing busi-
ness as tinners and jobbers; the levy was upon their tools and
stock in trade for a partnership debt.  The learned chief
justice in the opinion says: "We have no doubt that, in
proper cases, each member of a partnership is entitled to his
separate exemption out of the partnership property, and that
the partnership property, after levy, may be severed by the
partners, so that each partner may have his several exemp-
tion.  But it seems to us to be as indefensible to extend the
personal privilege of exemption to a partnership, as such, as
to extend it to a corporation aggregate." Page 574.  It
will be seen that there is here a clear and distinct intimation
that each member of a partnership is entitled to his separate
exemption out of the partnership property, and the chief
justice says that after the levy the partnership property
may be severed by the partners so as to give each partner

his several exemption. In that case, the court was not called upon to state what acts were necessary to be done by the partners after a levy to make a severance of the partnership property, nor do we well see what more the partners could do to accomplish this end than consent that each should have his exemption and exercise his power of selection. This, in contemplation of law, ought to amount to a severance, so that the several right of each partner would attach to the portion by him selected. Unless the severance can be made in this way it is very evident that the right of each partner to his separate exemption out of the partnership property after levy cannot be protected or enforced. For certainly the partners cannot, after a levy, take possession of the *corpus* of the partnership property and make a division of it among themselves. This obviously is impracticable. Therefore, unless the mutual consent of the partners that each shall have his exemption and make his selection from the partnership property has the effect to partition or sever the joint property so that the several exemption will attach to the portion selected, no exemption in many cases could be had. But where all the partners demand the exemption, each must be deemed to consent that the others have it, and make his individual selection. This, we think, was all the court, in the *Russell Case*, deemed necessary for the partners to do in order to make a severance of the partnership property and so change its character that the statutory right would attach as in goods held in severalty. We are well aware there are most respectable adjudications against this view. *Gaylord v. Imhoff*, 26 Ohio St., 317; *Pond v. Kimball*, 101 Mass., 105. See, also, *Bonsall v. Comly*, 44 Pa. St., 442.

There are cases which hold that the exemption will not be allowed unless all the partners consent thereto. *Burns v. Harris*, 67 N. C., 140; *Till's Case*, 3 Neb., 261. The Ohio court, in *Gaylord v. Imhoff*, sharply criticises this doctrine,

saying that it makes a positive statutory right, which in a proper case may be asserted against all the world, depend for its enforcement upon the mutual consent of the partners, and thus degrades it to a mere privilege. But we can see no strange inconsistency in the position that joint owners may by consent so sever their interests in property that the right of exemption may attach to it.

We have said there was evidence in this case which tended to prove that each partner for himself claimed his exemption in the partnership property; that each made a demand for it of the defendant; consequently it must be assumed that each consented that the others should individually exercise his right of selection. Should the jury find these facts established by the evidence, the plaintiff should be allowed his exemption. It is said he made no proper demand for it, and did not notify the defendant that he had made a selection from the general stock. We do not suppose any other demand was necessary than that the plaintiff should inform the defendant that he claimed his exemption, that the other partners did the same, and ask that he be permitted to make his selection. If the jury should find that the plaintiff did this, and that his right to any exemption was denied by the defendant, it seems to us the cause of action stated in the complaint would be sustained.

*By the Court.* — The judgment of the county court is reversed, and a new trial ordered.