Bong and another vs. Parmentier and others.

Bong and another, Appellants, vs. Parmentier and others, Respondents.

*February 2 — February 23, 1894.*

*Voluntary assignment by partners: Reservation and selection of exemptions: Waiver.*

Partners assigned for the benefit of creditors all their property "except such as are exempt from levy and sale under execution." The whole of their stock of goods was included in the inventory and delivered to the assignee, and no selection or claim of any specific property as exempt was made until more than ten weeks after the assignment was completed. *Held*, an unreasonable delay and a waiver of any right to exemptions out of said stock.

APPEAL from the Circuit Court for *Brown* County.

On August 1, 1893, the appellants, *Gerhard* and *Henry Bong*, were copartners in business, and engaged in the sale of goods.   On the day named said firm made a voluntary assignment for the benefit of their creditors to *Jules Parmentier*, who at once entered upon his duties as assignee, took possession of the stock of goods owned by said firm, and continued to hold the same under said assignment. By the terms of said assignment the assignors assigned and conveyed to the assignee all their property, real and personal, " except such as are exempt from levy and sale under execution, under the laws of the state of Wisconsin."   The assignors negotiated with their creditors for a settlement of their respective claims at certain per cents until October 14, 1893, when further effort in that direction was abandoned.   The whole of said stock of goods and fixtures was included in the inventory made and filed by said assignors, October 16, 1893, pursuant to said assignment, and no list of exemptions was filed with said inventory.   On October 16, 1893, the assignors claimed from the said assignee the right to select from said stock of partnership property exemptions to the amount of $200 for each of said partners, and thereupon each selected that amount of said stock, and set aside the same and claimed it as exempt, but such claim was denied and rejected by the assignee.

Upon a verified petition, stating the facts in detail, and a stipulation of the parties, the right of said assignors, respectively, to such exemptions was submitted to the court. On October 23, 1893, the court ordered, in effect, that said assignors had no right to such exemptions, and that the exception of exempt property in the assignment was without force, and that the title of the entire stock of goods and fixtures passed to the assignee by virtue of said assignment, including the goods so selected as exempt, and that he is entitled to retain the same.   From that order the assignors appeal.

For. the appellants there was a brief by *Greene & Vroman*, and oral argument by *Geo. G. Greene.* They contended, *inter alia*, that *each* partner had the *right* to an exemption of $200 from the firm goods, and that their several rights were legally reserved in the assignment and duly preserved and enforced by their action under it. On seizure of partnership property on process, each partner may select his individual exemption precisely as a sole debtor may; and under ch. 427, Laws of 1891, this may be done at any time before sale. *O'Gorman v. Fink*, 57 Wis. 652; *Russell v. Lennon*, 39 id. 570; *Skinner v. Shannon*, 44 Mich. 86; *McCoy v. Brennan*, 61 id. 362; *Waite v. Mathews*, 50 id. 392; *St. Louis Type Foundry v. International L. S. P. & P. Co.* 74 Tex. 651. So, in case of an assignment, the partner assignors can reserve their rights of exemption in the assignment, and select afterwards. That a sole assignor may so reserve and select, is now held universally. *Cribben v. Ellis*, 69 Wis. 337; *German Bank v. Peterson*, id. 561; *Bates v. Simmons*, 62 id. 69; *Hartzler v. Tootle*, 85 Mo. 23; *Hildebrand v. Bowman*, 100 Pa. St. 580; *Perry v. Vezina*, 63 Iowa, 25; *Richardson v. Marqueze*, 59 Miss. 80; *Brooks v. Nichols*, 17 Mich. 38; *Rosenthal v. Scott*, 41 id. 632; *Knefler v. Shreve*, 78 Ky. 297, 308; *Moore v. Stege*, 18 S. W. Rep. (Ky.), 1019; *Frank v. Meyers*, 11 So. Rep. (Ala.), 832; *Clark Shoe Co. v. Edwards*, 57 Ark. 331; *Baldwin v. Peet*, 22 Tex. 709, 718; *Garnor v. Frederick*, 18 Ind. 507; *Muhr v. Pinover*, 67 Md. 480. If partners have this constitutional right of exemption at all, it is fixed by the same statute and in the same terms as that of the sole debtor. Why may it not be reserved, and enforced by subsequent selection, in the same way?

For the respondent creditors there was a brief by *Cady & Huntington*, and oral argument by *F. C. Cady.* They argued, among other things, that partners have no greater rights than individuals, so far as exemptions are concerned,

and if an individual assignor fails to set apart and select the $200 stock in trade to which the exemption laws entitle him, previous to the completion of the assignment and the delivery of the property to the assignee, he waives all claim to afterwards exercise such right. *Bates v. Simmons,* 62 Wis. 77; *Zielke v. Morgan,* 50 id. 565; *Wicker v. Comstock,* 52 id. 319.

CASSODAY, J. It is well settled that the right to an exemption of $200 stock in trade under our statute is a personal privilege which may be waived by the debtor. S. & B. Ann. Stats. sec. 2982, subd. 8; *Russell v. Lennon,* 39 Wis. 570; *Zielke v. Morgan,* 50 Wis. 566; *Wicker v. Comstock,* 52 Wis. 315; *O'Gorman v. Fink,* 57 Wis. 649. Where the debtor fails to select the articles which he claims to be exempt at the time of the levy, or within a reasonable time thereafter, he thereby waives his right to such exemption. *Ibid.* These cases expressly overruled *Gilman v. Williams,* 7 Wis. 329, in that respect, and also in so far as it held that a firm was entitled to such exemption out of the firm property in like manner as if the property was owned by a single individual. Thus, in *Russell v. Lennon,* 39 Wis. 570, it was expressly held that, where a levy was made by a firm creditor upon partnership property, the partners might sever their interests, and then each might claim his exemption out of his separate part, but that there could be no exemption in favor of partners jointly. In *O'Gorman v. Fink,* 57 Wis. 649, the court went a little further, and in effect held that the consent of the respective partners that each might have and select such exemption out of the partnership property amounted to such severance, and entitled the partner making the selection to such exemption, upon a proper claim for the same, made within a reasonable time. Subsequently, this court repeatedly held, in effect, that a clause in an assignment by a firm of partnership property,

reserving such property as was exempt from levy and sale under execution, but failing to designate in any way the specific property so attempted to be reserved, was inoperative and void, for the reason that the firm, as such, was entitled to no exemptions. *First Nat. Bank v. Hackett*, 61 Wis. 335; *Goll v. Hubbell*, 61 Wis. 300; *McNair v. Rewey*, 62 Wis. 167.

In *First Nat. Bank v. Baker*, 68 Wis. 442, the assignment by a firm of partnership property contained such a reservation, with a schedule attached containing a claim by each partner of certain property as being exempt, but all the property was delivered to the assignee, and the assignors never in fact claimed any property as exempt; and it was held that the assignment was not invalid by reason of such reservation. *Severson v. Porter*, 73 Wis. 70, was similar, except that prior to the assignment the partners, by agreement, actually separated the partnership assets, and each took his share in severalty. Ch. 411, Laws of 1887 (S. & B. Ann. Stats. sec. 1694a), was enacted merely to affirm that such reservation should not invalidate the assignment. It in no way affects the question here presented.

Here, neither the assignment nor the inventory designated any specific property as claimed by the partners, or either of them, as exempt. Under the authorities cited, it is manifest that the reservation contained in the assignment was inoperative and void for more than ten weeks after the firm had, by the assignment, vested the title to all the partnership property, absolutely and unconditionally, in the defendant as such assignee. The partners did not at any time before the assignment and while they were owners of the property sever their interest therein. For more than ten weeks after the making of the assignment neither partner made any specific selection or claim for any such exemption. This was certainly an unreasonable delay and a waiver of any right to such exemption. Besides, for

aught that appears in the record, the respective partners may have had individual property sufficient to satisfy any and all claims for exemptions.

*By the Court.*— The order of the circuit court is affirmed.