LAMONT and others, Respondents, vs. WOOTTON, Assignee. Appellant.

88  107
88  109

*May 5 — May 25, 1894.*

*Voluntary assignment by partners: Waiver of right to exemptions.*

Partners assigned for the benefit of creditors all their property except such as might by law be exempt from seizure on execution or attachment. All the property was delivered to the assignee, and was included in the inventory without mention of exemptions, and no claims of exemptions were made until nearly a month later, after the assignee had expended labor and money upon the property in caring for and insuring it and getting it ready to be sold. *Held,* a waiver of the right to exemptions from the partnership property.

APPEAL from the Circuit Court for *Dane* County.

This is an appeal by an assignee for the benefit of creditors from an order of the circuit court directing the assignee to permit the assignors severally to select, from the copartnership property, tools, implements, stock in trade, to the amount and value not exceeding $200, as and for their exemptions, under subd. 8, sec. 2982, R. S. The assignors were copartners. They made an assignment for the benefit of their creditors on December 29, 1892, both as a copartnership and as individuals. The assignment contained an exception, from the property assigned, of such as might be exempt by law from seizure on execution or attachment. The property was all delivered to the assignee. No schedule of property claimed to be excepted was made at the time. On January 18, 1893, an inventory of the property assigned, and a list of their creditors, were filed. In the inventory no mention is made of property excepted from the operation of the assignment, or of exemptions. Afterwards, on January 24, 1893, the assignors severally made demand upon the assignee for certain of the copartnership property, designated as and for their exemptions.

Their demands included cash, accounts due to the partnership, and some stock in trade. The assignee refused their demand. Then, on January 31, 1893, on their application, the circuit court made an order directing the assignee to permit the assignors each to select, as his exempt property, not to exceed the value of $200, from the assigned property, of the implements, tools, and stock in trade, and not limited to their former selections. From that order the assignee appeals.

For the appellant there was a brief by *Smith & Buell*, and oral argument by *C. E. Buell.*

For the respondents there was a brief by *La Follette, Harper, Roe & Zimmerman*, and oral argument by *G. E. Roe.* They contended, *inter alia*, that where the statute prescribes no particular method to be pursued by the assignor in order to retain his exemptions, it is usually held sufficient, if he reserve them generally in the conveyance, to entitle him to have them set out upon application made within a reasonable time after the assignment is executed. *Peterman's Appeal*, 76 Pa. St. 116; *Hildebrand v. Bowman*, 100 id. 580; *Heckman v. Messenger*, 49 id. 465; *Brooks v. Nichols*, 17 Mich. 38; *Rosenthal v. Scott*, 41 id. 632; *Richardson v. Marqueze*, 59 Miss. 81, 92–95; *Rainwater v. Stevens*, 15 Mo. App. 544; *Bradley v. Bischel*, 81 Iowa, 81; *Nave v. Britton*, 61 Tex. 572; *Blanchard v. Paschal*, 68 Ga. 32; *Frank v. Myers*, 97 Ala. 437; *Clark Shoe Co. v. Edwards*, 57 Ark. 331; *Close v. Sinclair*, 38 Ohio St. 530.

NEWMAN, J. This case is governed by the decision of this court in the case of *Bong v. Parmentier*, 87 Wis. 129. It is not distinguishable in principle from that case. The copartnership, as such, had no right of exemption. The copartners had no such right in the copartnership property until after a severance. The assignment conveys the entire copartnership property, unsevered, to the assignee. No

claims of exemptions were made for nearly a month after the entire property had been in the possession of the assignee, and he had expended labor and money upon it in caring for it, insuring it, and getting it ready to be sold. This was a waiver of the right to have an exemption from the partnership property.

*By the Court.*— The order of the circuit court is reversed.

