## In re FRIEDRICH et al.

(Circuit Court of Appeals, Seventh Circuit. March 22, 1900.)

### No. 614.

1. BANKRUPTCY—EXEMPTIONS—PARTNERSHIP ASSETS.

Under the statute of Wisconsin (Sanb. & B. Ann. St. 1898, § 2982, subd. 8) exempting from execution "the stock in trade of any merchant or trader not exceeding $200 in value," and the doctrine of its courts that co-partners in trade may sever their joint interest in the partnership property, to permit each of them to claim therefrom the amount allowed as exempt, where a mercantile partnership in that state is adjudged bankrupt, and the firm has stock in trade, but there are no individual assets, each partner, with the consent of the other, is entitled to have the statutory exemption set apart to him out of the firm property; and such mutual consent is sufficiently shown by the fact that the schedule of assets, filed with the petition in bankruptcy, and setting up a claim for the exemptions, is signed by both partners.

2. SAME—CLAIM AND ALLOWANCE OF EXEMPTIONS.

A voluntary bankrupt must claim the exemptions to which he is entitled by the law of the state, at the time of filing his petition; but a severance of the exempted articles or property from the rest of his estate is not to be made by the debtor before adjudication, but by the trustee when appointed, and the valuation of exempt property is to be made in the first instance by the trustee, not by the debtor. The bankruptcy act, while allowing to debtors the exemptions provided by the state law, itself regulates the manner in which such exemptions are to be claimed, set apart, and awarded.

On Original Petition for Review of an Order of the District Court of the United States for the Western District of Wisconsin, in Bankruptcy.

The bankrupts were co-partners in trade at Madison, in the Western district of Wisconsin. On the 4th day of May, 1899, they, as such co-partners, filed their voluntary petition in the district court of that district, sitting in bankruptcy, and were on that day duly adjudicated bankrupts. The schedule or inventory of the co-partnership estate had subjoined to it this statement: "But out of the above property each of partners selects his exemption under statutes of the state of Wisconsin;" and the schedule containing this reservation was signed by each of the co-partners. Neither of them had individual estate. On the 17th of May, 1899, the creditors duly selected a trustee of the estate, which selection was confirmed by the court, and the trustee qualified upon the following day and took possession of the estate. Thereupon the bankrupts applied to the court for an order directing the trustee to permit each of them to select from the stock in trade goods to the value of $200 as property exempt by virtue of the laws of Wisconsin. The court below on the 9th day of June, 1899, granted the application, and directed the trustee to set apart the exemptions. The trustee, by an original petition in this court, seeks a review of the question of law involved.

F. W. Hall, for petitioner.

Frank L. Gilbert, for respondents.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge, delivered the opinion of the court.

The statute of Wisconsin (Sanb. & B. Ann. St. 1898, § 2982, subd. 8) allows to a trader, in addition to other specified exemp-

tions, "$200 stock in trade." The statute has received much consideration in the supreme court of that state. Gilman v. Williams, 7 Wis. 329; Russell v. Lennon, 39 Wis. 570; O'Gorman v. Fink, 57 Wis. 649, 15 N. W. 771; Bank v. Hackett, 61 Wis. 335, 21 N. W. 280; Severson v. Porter, 73 Wis. 70, 40 N. W. 577; Bong v. Parmentier, 87 Wis. 129, 58 N. W. 243; Lamont v. Wooton, 88 Wis. 107, 59 N. W. 456. It appears to be settled that co-partners in trade may sever their joint interest in the co-partnership property to permit each of them to claim therefrom the amount allowed by statute. This severance may be had after levy of execution against the co-partnership upon the firm stock, and after it has been taken possession of by the officer. The severance, therefore, would seem to be effective in law, as suggested by Chief Justice Cole in O'Gorman v. Fink, supra, by the mere agreement of the co-partners among themselves. There cannot, however, be an exemption to the co-partnership as such. It is a personal privilege, and this distinction seems to be the occasion of the difficulty which has beset counsel in their reading of the later decisions of that court, in which it was held that an assignment by co-partners, reserving exemptions to the co-partnership as such, did not invalidate the instrument. In an exhaustive review of these decisions the court below, in Re Friederick, 95 Fed. 282, clearly showed that there is manifested by the supreme court no intention to recede from its previous decisions, although it held that, being a personal privilege, the exemption may be waived or lost through laches. In the later decisions referred to, in speaking to the subject of an assignment for the benefit of creditors, that court indicates that co-partners making such assignment cannot afterwards claim individual exemptions out of the partnership property; and this, because the conveyance vests the title to all the property in the assignee upon delivery of the instrument. We need not pursue that subject, except to say that all the decisions recognize the right of each co-partner, when all concur, to a specified amount of the partnership stock in trade, if such claim be seasonably and properly asserted. The ruling in those cases cannot control the time or the manner in which claims for exemptions may be preferred in bankruptcy. The title to the property of the bankrupt is vested in the trustee, not by conveyance, but by operation of the law; and the act (30 Stat. 544, § 70, subd. "a") expressly provides that the title to the property which is lawfully exempt shall not be vested in the trustee. We do not think that an actual severance from the common stock of the articles claimed as exempt before petition in bankruptcy filed is essential. In our judgment, the bankrupt act clearly indicates to the contrary. That act (section 7, subd. 8) provides that a voluntary bankrupt shall with his petition file "a claim for such exemptions as he may be entitled to," and in cases of involuntary bankruptcy the claim for exemptions cannot be preferred until after adjudication, and provides, by section 47, subd. 11, that the trustees shall "set apart the bankrupt's exemptions and report the items and estimated value thereof to the court as soon as practicable after their appointments." The act thus clearly indicates that the severance in fact of exempt property from the general estate is to be made by the trustee, not by the debtor, and

the value of that so severed is to be determined in the first instance by the trustee, not by the debtor. The bankrupt law allows to debtors the exemptions provided by the law, but the manner in which the exemptions are to be claimed, set apart, and awarded is regulated by the bankrupt act. The provision is wholesome, for much abuse of the beneficent law allowing exemptions might arise if, with respect to a general stock of goods, the debtor should be permitted to place upon selected articles his own estimate of value. It is sufficient, we think, if the debtor manifest by his petition in bankruptcy his claim of exemptions which the law allows to him. This is a sufficient negative of an intention to waive them. In the case of co-partners it is sufficient evidence of consent by each to severance of the joint estate, especially as the co-partnership is dissolved by the adjudication of bankruptcy. We are of opinion that no error of law intervened in the ruling of the district court, and that this petition must be overruled. The clerk will certify this ruling to the district court of the United States for the Western district of Wisconsin.