In re ELLENBECKER et al.

(District Court, E. D. Wisconsin. May 28, 1913.)

1. BANKRUPTCY (§ 395*)—PARTNERS—EXEMPTIONS—MINORS—AUTHORITY OF COURT.

Where, in bankruptcy proceedings against a partnership and its individual members, one of the partners was dismissed on the ground that he was an infant and that he was not subject to the jurisdiction of the bankruptcy court, he thereby terminated his individual relation to the proceedings, and could not successfully claim an allowance of exemptions therein.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

2. BANKRUPTCY (§ 395*)—EXEMPTIONS—NATURE OF PRIVILEGE.

The right of a debtor to exemptions, conferred by Const. Wis. art. 1, § 17, providing that the privilege of a debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability, is purely a personal privilege to each debtor individually, so that, when the debtor's individual relation to the process or proceeding through or in which the property was seized or administered terminated on the sole ground that he was not amenable to it, his exemption privilege also failed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 658; Dec. Dig. § 395.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Frank Ellenbecker and Koch & Ellenbecker. On review of determination by the referee of an application by F. W. Koch, one of the bankrupts, for allowance of exemptions. Affirmed.

The facts are: December 23, 1912, an involuntary petition was filed against F. W. Koch and Frank Ellenbecker individually and as Koch & Ellenbecker, copartners. Thereupon Koch appeared in the proceedings, and by duly verified answer alleged that he was a minor, aged 20 years, hence not subject to the jurisdiction of the bankruptcy court. A hearing being had upon the issues thus raised, the fact of minority was established, and, with the consent of petitioning creditors, an order was entered January 8, 1913, discharging him individually from further liability or participation in the bankruptcy proceedings. Ellenbecker thereupon filed the partnership and his individual schedules, claiming his exemptions; a trustee was elected; claims of creditors were filed and approved; the property appraised and, after allowance of Ellenbecker's exemptions, sold on January 22, 1913. Koch, after the order discharging him from the proceedings, as noted, did not further participate therein, but on March 10, 1913, filed his petition claiming exemptions out of the partnership property, the proceeds of whose sale were then in the possession of the trustee for distribution. The referee denied the petition.

Alexander & Burke, of Milwaukee, Wis., for trustee.
Rubin & Zabel, of Milwaukee, Wis., for F. W. Koch.

GEIGER, District Judge (after stating the facts as above). [1] In Wisconsin, exemption statutes are enacted pursuant to, and in recognition of, a policy thus declared:

"The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted." Const. Wis. art. 1, § 17.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

When, therefore, the petitioner successfully challenged the authority of the bankruptcy court to proceed against him because he was a minor, could not become a debtor, and therefore not a bankrupt, he terminated the individual relation to the proceeding fundamentally necessary to invoke whatever power resided in the court to award exemptions. In other words, his status as a debtor, being successfully denied, could not be afterward asserted merely to obtain exemptions. The court was left to deal with the partnership and its property as an entity, without reference to him individually, and he could not seek to obtain exemptions because of a previous joint relation with his copartner.

[2] The exemption is a purely personal privilege to each debtor individually. Russell v. Lennon, 39 Wis. 570, 20 Am. Rep. 60. Therefore, as stated, when the individual relation to the process or proceeding through or in which the property was seized, or was to be administered, terminated, on the sole ground that petitioner was not amenable to it, his exemption privilege also failed.

Counsel for petitioner cites In re Duguid (D. C.) 100 Fed. 274, as sustaining his claim. There judgments had been rendered in the state court against an adult and a minor, copartners. An execution levy was made upon the partnership goods—as stated—"on the *excess* after setting apart $500 to each of the defendants." Bankruptcy proceedings having ensued, a contest arose between the execution and other creditors respecting the power of the court to avoid the judgment against the minor copartner, who concededly was not, and could not be brought, before the bankruptcy court. The referee ruled that the only amount properly claimed by the trustee was the one-half of the execution proceeds—the interest of the adult partner. The District Court held that it had power to avoid the levy and to administer the entire partnership estate. But the exemption allotment to the minor had been made in the state court under levy on a judgment which, as against the minor *individually,* was good, and beyond the power of the bankruptcy court to vacate. The judge said:

"This court has no jurisdiction or interest in the judgments against James Duguid (the minor), whether they are void for want of service or other irregularities, or voidable, *except in so far as they are against the partnership of Duguid & Son."* 100 Fed. 278.

This is not inconsistent with, but, on the contrary, an application of, the principles first above stated.

The referee herein ruled that the petitioner, assuming that he could in any event assert a claim for exemptions, had lost the right, citing In re Friederick (D. C.) 95 Fed. 282, Lamont v. Wootton, 88 Wis. 107. 59 N. W. 456, Bong v. Parmentier, 87 Wis. 129, 58 N. W. 243, Callis v. Day, 38 Wis. 643, and Thormaehlen v. Kaeppel, 86 Wis. 378, 56 N. W. 1089.

Upon either of the grounds noted, the ruling of the referee was right; and it is affirmed.