OPITZ and another, Respondents, v. BRAWLEY, Appellant.

*March 8—April 5, 1960.*

For the appellant the cause was submitted on the brief of *Maxon W. Polland* of Milwaukee.

For the respondents there was a brief by *Wiernick & Zurlo* of Milwaukee, for Douglas J. Opitz, and by *Maurice Weinstein* of Milwaukee, for the Madison Building Corporation, and oral argument by *Dominick D. Zurlo*.

FAIRCHILD, J.   Sec. 241.08, Stats., provides in part:

"Nor shall a chattel mortgage of personal property which is by law exempt from seizure and sale upon execution, except a purchase-money chattel mortgage, be valid unless the same be signed by the wife of the person making such chattel mortgage, if he be a married man and his wife at the time be a member of his family, and unless such signature of such wife be witnessed by two witnesses."

Sec. 272.18, Stats., provides exemption from seizure or sale upon execution, among other things, of "(3) *Library.* The library of the debtor and every part thereof; but this provision shall not be deemed to extend to circulating libraries." And "(8) *Tools for trade.* The tools, implements, and stock in trade of any mechanic, miner, merchant, trader, or other person, used or kept for the purpose of carrying on his trade or business, not exceeding $200 in value."

The civil court was apparently of the opinion that if a debtor's books are used in his business, the debtor can claim exemption of such books only under sub. (8) of sec. 272.18, Stats., and therefore that the property covered by the chattel mortgages was exempt only to the extent of $200 in value. Plaintiff and intervenor call attention to decisions in other states that lawbooks may properly be considered "tools and implements" of an attorney. See Anno. 52 A. L. R. 826, 830, citing *Cleveland Arcade Co. v. Talcott* (1926), 22 Ohio App. 516, 154 N. E. 62. Under our statutes, however, if the defendant's lawbooks are exempt under sub. (3) of sec. 272.18, it would be unnecessary for defendant to claim that they were exempt under sub. (8), and therefore subject to the limitation of $200 in amount. Except for the express exclusion of circulating libraries, sub. (3) does not expressly exclude from the exemption of a "library," a library used in connection with a gainful occupation. The dictionary definition of "library" does not exclude books used in connection with a gainful occupation as long as the books are used for reading, or study, and are not kept as merchandise. One of the definitions in Webster's New International Dictionary (2d ed.), is: "A collection of books, etc., kept for *study* or *reading* and *not as merchandise*; as, a private *library.*"

"It is well settled that exemption laws must have a liberal construction, within the limits contemplated by the legis-

lature, so as to secure their full benefit to the debtor, in order to advance the humane purpose of preserving to the unfortunate or improvident debtor and his family the means of obtaining a livelihood and thus prevent him from becoming a charge upon the public." *Julius v. Druckrey* (1934), 214 Wis. 643, 649, 254 N. W. 358.

Accordingly, we conclude that the books constituting defendant's library were exempt under sec. 272.18 (3), Stats. It follows from sec. 241.08 that since the chattel mortgage was not a purchase-money chattel mortgage, nor properly executed by defendant's wife, plaintiff's mortgage was invalid as to the books.

The various items of office equipment also included under the two chattel mortgages properly constitute (under sub. (8) of sec. 272.18, Stats.) tools and implements of a person used or kept for the purpose of carrying on his business. The word "business" is defined in Webster's New International Dictionary (2d ed.), among other things, as: "Any particular occupation or employment habitually engaged in, esp. for livelihood or gain." While in some contexts, a distinction may be made between a business and a profession, we see no occasion for that distinction in construing this statute. We conclude that the office equipment was exempt up to a value of $200.

This court has recognized that sec. 241.08, Stats., will operate somewhat differently upon a mortgage of property which is exempt only up to a limited amount. In *Mielke v. National Reserve Ins. Co.* (1934), 216 Wis. 148, 151, 256 N. W. 776, the court said:

"If the property mortgaged consisted of specific property declared to be exempt, the mortgage would no doubt be invalid upon its face. An instance of such property is the family bible, family pictures, schoolbooks, the library of the debtor, etc. When, however, the exemption relates to prop-

erty of like kind to that seized upon execution and the exemption is to a specific amount in value as in this case, the exemption must be claimed in order to make the provisions of the exemption statute effective. In such case the mortgage may or may not affect the title to the property, depending upon the claim set up by the debtor or his wife at the time of its seizure. If no claim is made and property of that class is seized and sold the exemption is held to be waived."

Thus, after equipment covered by the chattel mortgages up to the value of $200 is set aside, the chattel mortgages are valid as to the equipment which remains.

Plaintiff and intervenor argue that defendant waived his right to claim exemption of any of the property covered by these mortgages because he failed to assert the defense under sec. 241.08, Stats., until some seven months after the commencement of the replevin action. In so arguing, the plaintiff and intervenor rely upon decisions holding that when property is seized, or there is an assignment of nonexempt property for the benefit of creditors, the right to claim an exemption is waived if not claimed within a reasonable time. *Zielke v. Morgan* (1880), 50 Wis. 560, 7 N. W. 651; *Bong v. Parmentier* (1894), 87 Wis. 129, 58 N. W. 243; and *Lamont v. Wootton* (1894), 88 Wis. 107, 59 N. W. 456. We see no necessary connection between the rule governing the timeliness of a claim for exemption after levy of execution (or after an assignment for the benefit of creditors) and the rules governing the timeliness of pleading the invalidity of a chattel mortgage under sec. 241.08 in an action founded upon the chattel mortgage. The exempt status of the property was claimed in the amended answer, and it has not been urged, nor does it appear, that there was an abuse of discretion on the part of the civil court in permitting the amendment of the answer, notwithstanding the lapse of time. In this connection, it may be noted that

the original answer was filed March 4th; that a default judgment in favor of defendant was entered June 3d, and vacated on plaintiff's motion on June 23d, and that intervenor asked leave to intervene on August 19th, all in 1958, so that the court may well have felt that it was not unfair to permit defendant to inject a new issue even as late as October.

The judgment should have awarded to defendant the possession of all the books, should have determined the value of the items of office equipment, and awarded to defendant possession of items of office equipment of a total value not exceeding $200. The balance of the office equipment should have been awarded to plaintiff and intervenor according to their respective interests.

*By the Court.*—Judgment reversed; cause remanded for further proceedings not inconsistent with the opinion filed herein.