MAHONEY et al. v. WARD.

(District Court, E. D. North Carolina. March 9, 1900.)

1. BANKRUPTCY—POWERS OF COURT—CORRECTION OF ERRORS.
    A court of bankruptcy having no regular terms, and being always open, its adjudications, orders, and decrees remain at all times subject to correction when discovered to be erroneous.

2. SAME—ADJUDICATION—PARTNERSHIP.
    Upon a petition in involuntary bankruptcy against one person as an individual, no adjudication can be made against other persons who were in partnership with him, even though the latter voluntarily come in and consent to be adjudged bankrupt. If such persons desire to take the benefit of the act, they must file their individual petitions, deposit the fees required, and proceed strictly according to law.

3. SAME—APPLICATION FOR DISCHARGE—PROCEEDINGS.
    In a proceeding in involuntary bankruptcy, where the referee filed a petition of the bankrupt for discharge, a defective certificate of conformity,

and a recommendation that the discharge be granted, but there was no record of any proceedings before the referee, nor any evidence of notices to creditors, except a statement in the defective certificate that the notice was published and mailed, and no evidence of any meeting of creditors after the filing of such petition, but a statement that no objection was made to the discharge, "no creditor being present," *held*, that the application for discharge should be referred back to the referee, with directions to proceed according to the statute.

4. SAME—FORM OF PETITIONS—RULE OF COURT.

By rule of court in this district, petitions in bankruptcy will not be placed on file nor considered unless made out on the prescribed printed forms. Written or typewritten petitions and schedules will be returned to the parties without action.

In Bankruptcy. On application of bankrupt for discharge.

Jacob Battle, for petitioner.

Bunn & Sherod, for bankrupt and others.

PURNELL, District Judge. This cause is now before the court on petition for discharge by Willis Ward, Willis Ward & Co., W. E. Cawthorn, W. E. Cawthorn & Co., and J. R. Jones, Jr., and upon an examination of the record the following astounding facts are found:

On the 2d day of February, 1899, a petition entitled as above was filed in the office of the clerk of the district court alleging that Willis Ward was indebted to petitioners, was insolvent, had committed acts of bankruptcy in that he, as a member of the firm of Ward, Jones & Co., joined in a general assignment to B. H. Bunn, Esq., assignee, December, 1898, conveyed certain valuable real estate, and on December 28, 1898, assigned his interest in certain docketed judgments. A subpœna and rule on Bunn, assignee, and Batchelor, grantee, to show cause why the conveyances to them should not be held void were issued on the same day, and returned as served on February 3, 1899. The petition is neither printed nor typewritten nor in the prescribed form, and, if attention had been called to these facts at the time, the same would have been dismissed ex mero motu. On February 11th, Willis Ward was duly adjudged a bankrupt, and an order entered restraining B. H. Bunn, trustee, from disposing of property under assignment. This is also a written order, in which it is further found that W. E. Cawthorn, who, with Willis Ward, constitutes the firm of W. E. Cawthorn & Co., and J. R. Jones, Jr., who, with Willis Ward, constitutes the firm of Willis Ward & Co., are all declared bankrupts. There is another written order, which contains matter not supported by any petition, affidavit, or other paper writing, and evidently signed on the statement of the then clerk or counsel in the cause as an order by consent. This order is without petition, gives time to parties to file schedules, and to Batchelor to file an answer, and excuses him from personal attendance. On February 27th,—16 days afterwards,—"schedules," so called, were filed by Willis Ward, J. R. Jones, Jr., Willis Ward & Co., W. E. Cawthorn & Co., and W. E. Cawthorn (all by the same attorneys, Bunn & Sherod), and none disclose any assets other than those named in the

assignment and deeds referred to in the petition. Except attorney's fees, these "schedules," so called, disclose no indebtedness except the debts of Willis Ward & Co. and W. E. Cawthorn & Co., and petitions accompanying these so-called "schedules" are signed by the attorneys. On March 6, 1900, the referee to whom the cause was referred filed five petitions for final discharges,—one for each of the parties hereinbefore mentioned,—a defective certificate of conformity, and a recommendation that these discharges be granted. No record of any proceeding before the referee is filed; no evidence of notices to creditors or advertisement of such notices, except a statement in the defective certificate that the notice was published and mailed; no evidence of a meeting, except on February 24, 1900; no objection was made to the discharge, "no creditor being present"; or any other action on the part of the referee as required by section 39 of the bankrupt act.

With the increased volume of business in the courts of this district it is impossible to examine every pleading, order, and other process filed or presented for approval. Officers and attorneys must, of necessity, be depended on in a great measure, especially in bankruptcy proceedings, wherein it is of the first importance to their clients for attorneys, who are paid for their services, to see that all proceedings are regular, in strict accordance with the act of congress, for otherwise, even though he may run the gauntlet, and obtain a formal discharge, it may prove a mocking delusion. The courts of bankruptcy being always open, all adjudications, orders, and decrees remain in the breast of the court. Discharges may be attacked by parties in interest at any time within a year, and revoked. Section 15a. When an error is discovered, it is within the power of the court, and to the interest of all parties, to correct it as soon as discovered, at the earliest moment possible. There are but two methods by which a person can be declared a bankrupt; i. e. in a voluntary proceeding on his own petition, and on the petition of his creditors setting out acts or an act of bankruptcy as prescribed by the statute. In an involuntary proceeding an order by consent is not sufficient upon which to have other parties than the one against whom the petition is filed adjudged bankrupts, even though they be connected with the defendant against whom a petition is filed as partners, parties in interest, or otherwise. The mode of proceeding against partnerships is provided for in the statute, but this proceeding does not come within the provision, and was an involuntary proceeding against Willis Ward individually. The fact that he happened to be a partner with Jones in one firm and with Cawthorn in another would not necessarily draw into the proceeding the two commercial firms, or justify each member of such firms to come into court, save themselves from complying with the law by paying cost, and being adjudged bankrupts even by a consent order. If these several parties desire to avail themselves of the benefits of the bankrupt law, they must file their individual petitions, make the deposits required, and proceed stricti juris. The petition, which is the basis of this proceeding, does not ask for an adjudication as to any one

except Willis Ward, or process as to any one's property except that of Willis Ward, and it would be an anomalous construction of the law, and a hardship on the officers, whose fees are too small at best, which the court will not tolerate or permit, to allow every one with whom he had any business relations—a whole neighborhood, if necessary—to come into court, even by consent of parties, avail themselves of the deposit made by the petitioning creditors, and in a clandestine way get a discharge from their debts. To have a partnership adjudged bankrupts, all the partners should be named in the petition. In re Prankard, Fed. Cas. No. 11,366; In re Krueger, Fed. Cas. No. 7,941. The consent order of February 11, 1899, in so far as it applies to John R. Jones, Jr., Willis Ward & Co., W. E. Cawthorn, W. E. Cawthorn & Co., is therefore revoked and abrogated, and all proceedings pursuant to that portion of the order annulled.

What effect a discharge of one partner would have on the partnership or partnership's debts is not necessary at this time to discuss or decide, for, in the present condition of the proceeding, Willis Ward is not entitled to a discharge. The proceeding as to Willis Ward will be re-referred to the referee of the second division of the district, with instructions to read, consider, and inwardly digest section 39, with other provisions of the bankrupt act relating to the duties of referees, and proceed accordingly.

Section 14a requires the judge to hear petitions for discharge. He alone can grant a discharge in bankruptcy. For the convenience of parties in distant parts of the district, a general order of reference was adopted September 7, 1898, being district rule 9, as follows:

"The application of the bankrupt for discharge, and the deposit of a sufficient sum to cover the expense of postage and publication of notice of final meeting in case there be no assets, shall be made before the referee, who shall make the order to show cause returnable before himself, preside at the meeting, and at its close, or within three days thereafter, forward to the judge his certificate of proceedings and conformity, the exceptions to discharge, if any, and a blank certificate of discharge prepared for signature if there be no exceptions."

District rule 9 is in conformity with general orders 12 and 32 of the supreme court, made subsequently. The exceptions to be filed in 10 days (general order 32) should be filed before the judge.

This is still in force, and is for the convenience of parties interested. These petitions are heard by the judge on testimony, and proceedings thus had, and where there is objection, after due notice to all. "Snap judgments" are not contemplated or permitted. The bankrupt law contemplates that the detail work in bankruptcy proceedings shall be done by the officers provided for in the act, assisted by the bankrupt, his attorneys, and the attorneys of the petitioning creditors. The forms are all prescribed by the supreme court, and sets may be purchased at trifling cost. The law, rules, and forms may be easily understood by officers and attorneys who have business in this division of the courts. Parties who cannot give the time for an understanding of the law and procedure should not accept office, or fees as attorneys. It is not contemplat-

ed that the judge can or will assist or instruct either. Several proceedings of late have made necessary the adoption of a rule, which will be enforced, that petitions in bankruptcy will not be filed or considered unless they are on the prescribed printed forms. Written or typewritten petitions and schedules will be returned to parties without action. The officers of the district courts are so instructed.